HENRY M. WARFIELD *vs.* FERDINAND C. LATROBE.

*Appeal—Contested Mayoralty Election—Jurisdiction of the Superior Court of Baltimore City.*

The Constitution of 1867, continued in force all Acts of Assembly, not incousistent with the provisions of that instrument. At the time of the adoption of the Constitution, the following sections of Art. 35 of the Code, were in force. "*Sec.* 53.—All cases of contested election of any of the officers not provided for in the Constitution, or in the preceding section, shall be decided by the Judges of the several Circuit Courts, each in his respective Circuit, and by the Superior Court of Baltimore City, in Baltimore City. *Sec.* 54.—Each Judge of the Circuit Court, and of the Superior Court of Baltimore City, may adopt such mode of proceeding in cases of contested elections, and prescribe such rules for taking testimony, and adjudging costs as to him shall seem most satisfactory and least expensive." On a case of contested mayoralty election in the Superior Court of Baltimore under the foregoing sections of the Code, HELD:

That the jurisdiction of the Superior Court of Baltimore City, in cases of this kind, is a special and exclusive jurisdiction, and there being no provision by the law for the right of appeal, its judgment in the premises is final and conclusive.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*C. Irving Ditty* and *Robert D. Morrison*, for the appellant.

The Superior Court of Baltimore City, is a Court of general jurisdiction, is one of the highest common law

Courts of record and original jurisdiction within this State, has full common law powers and jurisdiction in all civil cases, within the City of Baltimore, (except where by law the jurisdiction has been taken away, or conferred upon another tribunal,) and all the additional powers and jurisdiction given by the Constitution and by the law.

It has general jurisdiction over the subject-matter of contested elections, and the fact that these proceedings are in their present form, rather than in the stricter form of pleading, *quo warranto* for instance, does not affect the *general* jurisdiction of the Court, or make this a case of special or limited jurisdiction. These proceedings are not in derogation of the common law, deprive the appellee of no right which he would have had under *quo warranto* or other common law proceedings, "are within and in accord with the general jurisdiction of the Court, and are in accordance with our simplified system of pleading." The general jurisdiction of the Court in this case is presumed. *Code Pub. Gen. Laws, Art.* 29, *secs.* 44–50; *Evans' Practice, pp.* 28–30, *and notes; Manly vs. State,* 7 *Md.,* 137; *Code Pub. Gen. Laws, Art.* 75, *sections* 2, 3, 4 *and* 5; *Spencer vs. Trafford,* 42 *Md.,* 21; *Sedgwick on Statutory and Constitutional Law,* 271–274, *and notes; Boarman vs. Israel & Patterson, Ex'rs,* 1 *Gill,* 381; *Williams vs. Williams,* 7 *Gill,* 305; *Cockey vs. Cole,* 28 *Md.,* 282; *Kelsey, et al. vs. Wiley, Parish & Co.,* 10 *Georgia,* 382; *Baubien vs. Brinckerhoff,* 3 *Illinois,* 270; *Kenney vs. Greer,* 13 *Illinois,* 433; *Wright vs. Douglass,* 10 *Barbour,* 110; *High on Extraordinary Legal Remedies,* 622.

The case of a contested election for the office of State's attorney has been carved out of the general subject-matter, and jurisdiction in such cases has been conferred upon the Courts of criminal jurisdiction. This furnishes a case of special limited jurisdiction,—*general* jurisdiction of the subject-matter being lodged by law, as to Baltimore City, in the Superior Court. *Constitution, Art.* 5, *sec.* 8.

The Superior Court of Baltimore City being a Court of general jurisdiction, and this being a case within its general jurisdiction, the appeal cannot be denied.

The right of appeal from any decision of a Court of general jurisdiction, "is conceded to the citizen by the common law in all civil cases, without check or control of any kind whatever," and the only control exercised by statute is to provide by bond against abuse of that right. "Very grave reasons should be required to induce the Court to refuse the right of appeal, and any interference with that right, is a delicate subject to be applied with jealousy." Every intendment should be in favor of the right. *Ringgold's case,* 1 *Bland's Chan. Reports,* 7–15, &c.; *Williams vs. Williams,* 7 *Gill,* 302; *Swann vs. Mayor and City Council of Cumberland,* 8 *Gill,* 154.

The preceding authorities and the Constitution and Code of Maryland in defining the jurisdiction of the Superior Court, all use the words civil cases in contradistinction to "criminal cases." This is certainly not a criminal case, and it must therefore be a civil case.

A civil case is one which has for its object the recovery of private or civil rights, or compensation for their infraction. This is a case for the recovery of private and civil rights, and the fact that the public are peculiarly interested also, no more destroys the private and civil right of the appellant, than the interest of the public in punishing assaults by criminal proceedings, destroys the right of the injured party to his remedy by civil proceedings. *Quo warranto* has always been held to be the proper proceeding where the common law prevailed to try title to public office, except where otherwise specially provided by statute, which could not have been *quo warranto,* being a civil remedy, if contested elections were not civil cases. 1 *Bouvier's Law Dictionary,* 78–276–405, 12*th Edition;* 3 *Bouvier's Institutes,* 2638, *and note, last Edition;* 2 *Sharswood's Blackstone's Commentaries,* 1–119–263; *McCrary*

*on Elections*, 264–265–290–307–317–340, *and note; High on Extraordinary Legal Remedies, secs.* 603–617–621.

The authorities cited by the appellee, to sustain the proposition that this is neither a civil nor a criminal case, are not applicable, because those cases and all the previous ones therein cited, turn upon a peculiar condition of legislation never existing in this State, or upon the fact that the proceedings passed upon were not those of a Court of law. It is believed, that in none of the original thirteen States, nor in proceedings in accordance with the common law, has it ever been declared that an election contest is not a *civil* case.

See *Gibson vs. Shepperd*, 2 *Brewster*, 1, in which it was held that the officer before whom the affidavits were made had authority, because authorized to take affidavits in *civil* cases.

But even if this is a case of special and limited jurisdiction, under Code Public General Laws, Art. 35, secs. 53, 54, inasmuch as those sections do not provide the *particular mode of appeal*, the right of appeal in the case is secured "by the broad unqualified language of section 3, Art. 5, Code Public General Laws." *Swann vs. Mayor & City Council of Cumberland*, 8 *Gill*, 154; *Worthington, Adm'r vs. Herron*, 39 *Md.*, 148; *Abbott, Ex'r vs. Golibart*, 39 *Md.*, 554.

The cases wherein the right of appeal has been denied in this State, are those only where the appellate jurisdiction has already been given to another tribunal. The principle is that there shall not be double appeals. *Wilmington & Susquehanna R. R. vs. Condon*, 8 *Gill & Johnson*, 443; *Webster, et al. vs. Cockey, et al.*, 9 *Gill*, 93; *Lamott vs. Maulsby*, 8 *Md.*, 8; *Baltimore & Havre de Grace Turnpike Co. vs. N. C. R. R. Co.*, 15 *Md.*, 194; *Hough vs. Kelsey & Gray*, 19 *Md.*, 454; *Rundle vs. Mayor & City Council of Baltimore*, 28 *Md.*, 357; *Worthington, Adm'r vs. Herron*, 39 *Md.*, 148.

*Jas. A. Buchanan* and *Orville Horwitz,* for the appellee.

If by the provisions of the 53rd and 54th sections of Art. 35 of the Code, the Superior Court, as constituted by the present Constitution, has jurisdiction to try contested election cases at all, then it is a superadded, special and limited jurisdiction, not contained within the general jurisdiction of said Court ; and the rule on that subject is, that unless by law the appeal to this Court is provided for, no such appeal exists. *Page vs. Mayor and City Council of Baltimore,* 34 *Md.,* 558, 563. The cases referred to in the appellant's brief abundantly establish this proposition.

In *W. & S. R. R. vs. Condor,* 8 *G. & J.,* 448, Judge DORSEY says :

"There is no appeal expressly given to the Court of Appeals, under the Act of Assembly, investing the County Court with the power of reviewing, and confirming or setting aside inquisitions" of land. "It is a special limited jurisdiction given to the County Court, from the decision of which no appeal lies to any other tribunal."

In *Sav. Man. Co. vs. Owings,* 3 *Gill,* 498, the whole doctrine on the subject is condensed by Judge CHAMBERS, (who delivered the opinion of the Court) in a few words :

"Jurisdiction of this proceeding—the opening of a road—is not exercised by the County Court in virtue of its general powers as a Court of common law."

This language may certainly be applied to a contested election case, or there would have been no need for the passage of the Act of Assembly. "It is vested by a special delegation of power and by the terms of the Act which confers it, to be exercised, not according to the form and course of the common law, but in a special and peculiar mode." "It is a general and sound rule that a writ of error will not lie to a Court vested with special jurisdiction, and which does not proceed according to the forms of the common law."

In reference to contested election cases, the Court, although vested with general common law powers and jurisdiction, is expressly directed to adopt "such mode of proceeding" as to the Judge may seem best. See also *Williams vs. Williams*, 5 *Gill*, 84.

The case of *B. & Havre de Grace T. Co. vs. Nor. Cen. R. R. Co.*, 15 *Md.*, 197, would seem to dispose of the idea entertained by the appellant "that the right of appeal is only denied where the appellate jurisdiction has been given to another tribunal," for this Court says, in delivering its opinion in that case, that "it is a well settled doctrine of this Court, that where the Circuit Court is clothed with a special jurisdiction and no appeal to this Court is provided for, the judgment is final, whether pronounced in the exercise of original jurisdiction, or in the nature of an appeal from some inferior authority."

By the terms of the 3rd section of 5th Article of the Code, an appeal is provided only from a determination of a Court of law *in a civil suit or action*, and a contested election case is not a civil suit or action.

The 4th section of the same article would seem to illustrate this. *A petition for freedom* was not, in the eyes of the law, a civil suit or action; and therefore the right of appeal did not exist by virtue of the 3rd section. In order to secure that right the additional section (4th) was passed.

[The points relating to the merits of the case are omitted on both sides, the same not having been considered by the Court.—REPORTER.]

ROBINSON, J., delivered the opinion of the Court.

This is a petition filed by the appellant contesting the election of the appellee, as Mayor of the City of Baltimore.

The petition alleges, that the appellee was returned as elected, and had taken the oath of office, and claimed to exercise the functions, and to be entitled to the salary payable to the Mayor of the City of Baltimore.

He further alleges, that the returns were false and fraudulent—that illegal votes were cast for the appellee, and that legal votes, which would have been cast for the petitioner were refused, and that owing to fraud and violence in certain precincts, the election in such precincts was altogether null and void.

The petitioner claims to have been duly elected to the office of mayor, and prays the Court to adopt such mode of proceeding, and prescribe such rules for taking testimony and adjudging costs as may seem most satisfactory and least expensive, and to provide also for the counting by the Court, or under its direction and supervision, of the ballots cast at said election, and the inspection of the poll-books returned, &c.

The Constitution of 1867 continued in force all Acts of Assembly not inconsistent with the provisions of that instrument, and it is claimed the Superior Court has jurisdiction to hear and determine a contest in regard to the election of mayor under the following section, and of Art. 35 of the Code, which were in force at the time the Constitution was adopted :

"Sec. 53. All cases of contested election of any of the officers not provided for in the Constitution, or in the preceding section, shall be decided by the Judges of the several Circuit Courts, each in his respective circuit, and by the Superior Court of Baltimore City, in Baltimore City."

"Sec. 54. Each Judge of the Circuit Court and of the Superior Court of Baltimore City, may adopt such mode of proceeding in cases of contested elections, and prescribe such rules for taking testimony and adjudging costs as to him shall seem most satisfactory and least expensive."

Conceding for the purposes of this case, the jurisdiction thus claimed, the question is whether an appeal will lie from the rulings and judgment of that Court.

It is admitted that the several sections of the Code above referred to, make no provision for an appeal, and the ques-

tion therefore, depends upon whether the judgment was rendered in a case of which the Court *had jurisdiction by virtue of its common law powers,* or whether it was a *special and exclusive jurisdiction conferred by the statute,* and to be exercised not according to *the common law,* but in a *mode and manner therein* prescribed?

If the Court acted under a special and exclusive jurisdiction, then, according to the well settled law of this State, its judgment in the premises is final and conclusive, unless the right of appeal is expressly given by the statute.

It was thus decided in the case of the *Wilmington and Susquehanna Railroad Co. vs. Condon,* 8 *G. & J.,* 448, in which the Court said:

"There is no appeal expressly given to the Court of Appeals, under the Act of Assembly investing the County Courts with the power of hearing and setting aside inquisitions like the present. It is a special limited jurisdiction given to the County Courts, from the decision of which no appeal lies to any other tribunal."

And in the *Savage Manufacturing Co. vs. Owings,* 3 *Gill,* 498, it was also held, that the judgment of the Court below was final and conclusive. Judge CHAMBERS said:

"Jurisdiction of this proceeding is not exercised by the County Court in virtue of its general powers as a Court of common law, it is vested by a special delegation of power, and by the terms of the Act which conferred it, to be exercised not according to the forms and course of the common law, but in a special and peculiar mode."

It is unnecessary to extend this opinion, by reference to the numerous decisions which the doctrine thus laid down, has been extended to analogous cases, because the law is too well settled to be questioned.

So the question comes down to this, was the judgment of the Court rendered in a case of which it had jurisdiction at common law, or was it a *special and exclusive*

*jurisdiction* conferred by the statute? And the true test seems to us to be, whether the Superior Court could, independent of the provisions of the Code, hear and determine a contest in regard to the election of mayor, upon a petition filed by the contestant, and direct the mode and man-in which the proceeding should be conducted. If it could, then it is clear, the Court of Common Pleas and the Baltimore City Court, being common law Courts, and having concurrent jurisdiction under the Constitution in all civil common law cases, have jurisdiction also to hear and decide a case of contested election. On the other hand, if it could not, then the Superior Court must act under a special jurisdiction conferred by the Constitution and the Code.

It is true at common law, Courts had jurisdiction by a writ of *quo warranto,* or by an *information in the nature of a quo warranto,* to hear and decide the title to an office, but such proceedings were instituted in the name of the King, for the purpose of ousting one unlawfully claiming to exercise the functions of an office, and to punish him by a fine for the *usurpation.* There is a wide difference however, between a proceeding thus instituted in the name of the King, and in this country, where such writs are in force, in the name of the people in right of their sovereignty, and a direct proceeding by a party claiming an office in his individual capacity, instituted under a power specially granted by the Legislature, and to be proceeded with, not according to the common law, but in a particular mode and manner prescribed by the statute.

The Legislature in carrying out the provision of the Constitution in regard to contested elections, meant to confer upon certain tribunals, sole and exclusive jurisdiction in such cases, and to clothe them with the power not only of hearing and deciding questions both of law and of fact without the intervention of a jury, but also to direct the mode and manner of the proceeding. And in all the

provisions of the Constitution, and the several Acts of Assembly in regard to contested elections, we have not been able to find a single case in which the right of appeal is given. Independent of the rights of the contestants, the public interests require there should be an early and final decision in cases of this kind. And if the right of appeal is to be exercised, and the case is to be remanded for error of the Court below, with the right to either party to appeal again, it would not be a difficult matter to protract the contest until the term of office had expired.

Be that however as it may, we are of opinion, that the jurisdiction of the Superior Court in cases of this kind, is a special and exclusive jurisdiction, and there being no provision by the law for *the right of appeal*, its judgment in the premises is *final and conclusive.*

The motion to dismiss the appeal must, therefore, be sustained.

*Appeal dismissed.*

(Decided 1st March, 1877.)