MARY J. LEVY and ROBERT C. BARRY, Adm'rs,
vs. AMELIA LEVY, and others.

*Orphans' Court—Issues—Practice.*

By the 250th section of the 93d Article of the Code of Pub. Gen'l Laws,
the Orphans' Court is vested with discretionary power to award costs
and enforce their payment; and where issues are sent by the Orphans'
Court to a Court of law, this Court has decided that the Court to which
such issues are sent, cannot enter judgment for costs. The established
practice in such cases is to certify to the Orphans' Court, the verdict of
the jury and the costs, leaving for that Court to enter the proper judg-
ment.

Where issues are sent by the Orphans' Court to a Court of law, contesting
the validity of a will, and the same are dismissed by order of the caveá-
tors, and the record of the proceedings therein transmitted to the Or-
phans' Court, it is competent for the same parties to file another petition
and obtain issues a second time.

APPEAL from the Orphans' Court of Baltimore City.

This appeal is taken from the action of the Orphans' Court
of Baltimore city in passing certain orders in the matter of
the estate of Joseph M. Levy, deceased.

On the 29th October, 1866, a paper-writing purporting to
be the last will and testament of Joseph M. Levy was filed
in the Orphans' Court of Baltimore city, and shortly thereafter
was duly admitted to probate, and on the 5th November,
1866, Robert A. McAllister, who had been appointed execu-
tor in said will, refused to act as such and filed a renuncia-
tion, and letters of administration, with the will annexed,
were issued in common form and without contest to Mary
Jane Levy, the widow of the testator, and Robert C. Barry,
the appellants in this cause. On the 12th November, 1866,
certain persons, representing themselves as the next of kin of
the said Joseph M. Levy, deceased, filed, in the Orphans'
Court, a petition and *caveat*, averring the invalid execution
of said pretended will, the want of testamentary capacity of
the testator at the time said will was signed by him, the exer-

tion of fraud and undue influence by certain persons therein named, over the testator, in the procurement of said will, and that its contents had not been fully explained to him, and praying that the probate already had, might be examined into, and the letters revoked and probate rescinded. To this petition an answer was filed by the appellants, denying all the allegations and charges in said petition, and inviting the strictest scrutiny into the validity and legality of said will, upon *caveat,* after probate and letters granted. On the 26th December, following, the questions at issue between the respective parties, were set forth with a prayer that issues might be awarded and transmitted to the Superior Court of Baltimore city, which was accordingly done by order of the Orphans' Court. At the January term of said Superior Court, 1867, when the case was called, the caveators (the appellees,) not being ready for trial, asked for a continuance. In the opinion of the court, however, the causes assigned were not sufficient, and the counsel for the appellants insisting that the same should be disposed of without delay, the counsel for the appellee "dismissed" it. The record of these proceedings was afterwards transmitted by the Superior Court to the Orphans' Court.

On the 11th May, 1867, the appellees who had filed the first petition and *caveat,* as above stated, filed a second petition and *caveat* in the Orphans' Court of Baltimore city, in the very language of the first petition, and in all respects a literal copy of it, the only difference being that one Eliza Hendricks made the affidavit to the truth of the matters alleged in the petition and *caveat* in the second petition, and one Jonas P. Levy did so in the first petition and *caveat.*

On the 21st May, 1867, the appellants filed an answer to the second petition and *caveat,* setting forth the proceedings already had by the Orphans' Court on the first petition, and the action of the Superior Court, and praying that the said second petition might be dismissed, and on the 28th May, 1867, they, by their counsel, filed a motion to the said Or-

phans' Court to pass an order dismissing the first cause. After argument on the 12th June, 1867, the said Orphans' Court passed two orders, one overruling the application and prayer of the appellants for the dismissal of the said second petition and *caveat*, and requiring them to file a good and sufficient answer thereto; the other declining to dismiss the said first cause, and decreeing that the appellees should pay the costs of the same.

From these orders the appeal was taken.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*Henry Clay Dallam* and *S. Teackle Wallis*, for the appellants, argued:

That both on principle and authority and in view of the policy of the law of Maryland touching issues framed and sent from the Orphans' Court there was error in the ruling of the Orphans' Court. The law gives precedence to such cases, and places them upon the trial calendar of the Court to which they are sent, at the *first term*. *Code, Art.* 93, *sec.* 249 *and* 250. The policy is to promote a speedy settlement of estates, so that creditors and legatees may be paid, and to this end the duty is imposed upon all who feel aggrieved by the action of the probate Court, to make their grievances known *at once*. The argument *ab inconvenienti* applies here most forcibly. If it be competent for these appellees to do what they are now endeavoring to do, then they may repeat it *ad infinitum*. All intendments are with the appellants. They are acting under a will, duly probated, and on its face entirely legal. The caveators have made the issue against its validity, and it was imperative upon them to have been ready to try the cause which they themselves instituted. It is the right of legatees and others claiming under a will, to demand that those seeking to invalidate it shall do so *at once*. If this were not so, and the caveators can at their option renew the issues, it might

amount to a denial of justice, for in the lapse of time the witnesses to the will, and the witnesses who could speak as to the testamentary capacity of the testator, and refute the allegation of the fraudulent procurement and execution of the will, might all die, and thus the caveatees be entirely deprived of proof. The "dismissal" of the issues by the caveators in the Superior Court concludes them. It was their *laches* that there was no trial. After full argument on their motion for a continuance, the Court overruled the same and ordered the trial to proceed, and then the caveators "dismissed" their issues. This was an abandonment of their case, and they are not in the situation of ordinary plaintiffs, who can dismiss and renew their suits at will. The caveators, (and they seem to have embraced all persons interested in the estate of Joseph M. Levy,) were the same in both proceedings, and it is not competent for the same parties in an exactly similar proceeding to renew their issues. It would be vexatious to permit them so to do. *Pegg, et al., vs. Warford,* 4 *Md. Rep.,* 385; *Cecil vs. Cecil, et al.,* 19 *Md. Rep.,* 78 *and* 79; *Bearblock vs. Tyler,* 1 *Jac. & Walk.,* 225; *Johnston vs. Todd,* 3 *Beav.,* 223.

If the plaintiff make default in going to trial, the issue will be taken *pro confesso. Casborne vs. Barsham,* 5 *Mylne and Craig,* 113, 122 *and* 124; *Hargrave vs. Hargrave,* 8 *Beav.,* 289; 2 *Daniell's Ch. Prac. & Plead.,* "*Feigned Issues,*" 1101.

If one or more of the caveators had dismissed the case, it might be that this could not deprive the others who were not parties to its dismissal of their right to frame issues, and have the finding of a jury thereon, but *here all* the parties dismiss. So, if there were *other parties* interested in contesting the validity of the will, and not parties to this *caveat,* it would be competent for them to have issues sent; but such is not the case here.

The motion made by appellants' counsel was the proper one, and should have been granted; the Orphans' Court, from which the issues had gone, being the proper Court for final action in the premises. *Browne vs. Browne, et al.,* 22 *Md. Rep.,* 103; *Warford, et al., Lessee, vs. Colvin,* 14 *Md. Rep.,*

532; *Price vs. Taylor*, 21 *Md. Rep.*, 356; *Price vs. Moore, et al.*, 21 *Md. Rep.*, 366.

*John P. Poe* and *I. Nevett Steele*, for the appellees.

1st. That the appellees had a perfect right to dismiss their case in the Superior Court. *Evans' Pr.*, 361; 2 *Dan'l Ch. Pr.*, 1299; *Code Pub. Gen'l Laws*, p. 688; *Pegg, et al., vs. Warford*, 4 *Md. Rep.*, 385.

2d. That such dismissal necessarily resulted in its return to the Orphans' Court, where it was placed precisely as it stood before they filed their *caveat*. *Price vs. Taylor*, 21 *Md. Rep.*, 356; *Price vs. Moore, et al.*, 21 *Md. Rep.*, 366.

3d. That the probate of the will in question, being merely had in common form and without contest, there could, as a matter of course, be no restriction upon the right of the appellees to dispute its validity, either upon plenary proceedings before the Orphans' Court, or by new issues made up and transmitted for trial—that the controversy, to all intents and purposes, remained still undecided—and that, consequently, there was no error in the orders of the Orphans' Court imposing upon the appellees the costs of the case which they had dismissed, and requiring the appellants to put in a good and sufficient answer to the *caveat* filed on the 11th of May.

Grason, J., delivered the opinion of this Court.

This is an appeal from two orders, passed by the Orphans' Court of Baltimore city, on the 12th day of June, 1867; the one for payment of costs by the appellees, and the other requiring the appellants to answer a petition, filed in said Orphans' Court by the appellees, on the 11th day of May, in the year 1867.

By the 250th section of the 93d Art. of the Code, the Orphans' Court is vested with discretionary power to award costs and enforce their payment; and this Court has decided that a Court of law, to which issues are sent by the Orphans' Court, cannot enter judgment for costs, but that the established practice, in such cases, is to certify to the Orphans' Court the verdict and

the costs, leaving for that Court to enter the proper judgment. *Browne vs. Browne, et al.*, 22 *Md. Rep.*, 116.    It appears from the record that the Orphans' Court had been certified of the dismissal of their issues by the appellees, and, in ordering the payment of the costs by them, the said Court was exercising a power vested in it by law, and we can discover no error in passing said order.

It is contended by the appellants, that the second petition of the appellees, filed 11th May, 1867, should have been dismissed by the Orphans' Court upon the ground that the dismissal of their issues by the appellees, in the Superior Court of Baltimore city, was an abandonment of the contest and the cause, and that they are thereby barred from again contesting the will mentioned in the record.   In support of this position they rely upon the cases of *Pegg, et al., vs. Warford*, 4 *Md. Rep.*, 385; *Cecil vs. Cecil, et al.*, 19 *Md. Rep.*, 78 & 79; *Price vs. Taylor*, 21 *Md. Rep.*, 356; and *Price vs. Moore, et al.*, 21 *Md. Rep.*, 366.   In the case of *Pegg, et al., vs. Warford*, two *caveats* were filed against the will, and two sets of issues, upon the application of different parties, had been sent to a Court of law for trial, and some months afterwards a third *caveat* was filed by a third party.   Pegg then filed a petition to the Orphans' Court, asking a revocation and remodelling of the issues which had been granted, and a joinder of all the caveators, &c., which petition was dismissed, and Pegg appealed.   Upon that appeal this Court decided among other things that, after issues are sent to a Court of law for trial, the Orphans' Court cannot revoke or remodel them, and that, when an issue is sent, upon the petition of one party, the same issue cannot be granted on the petition of another party to be tried before another jury; for the reason that there might be different verdicts rendered.   In no part of the decision is it intimated by the Court, that a dismissal of issues would bar the party from further proceedings in the Orphans' Court.   On the contrary, we may fairly infer, from the language used by the Court, that they were of opinion, that the dismissal would

not operate as a bar; for they say, that "when the question has been once fairly answered by a jury, it ought to be considered as definitively settled." From this language the inference is plain, that it was the opinion of the Court, that a dismissal of issues would not operate as a bar to further proceedings.

The case of *Cecil and Cecil* presents the question whether a distributee is barred by a proceeding in the Orphans' Court, between his co-distributees, and to which he was not a party on the record. The Court say that "in matters *in rem*, such as the *factum* of a will, where solemn proof has been resorted to, the decisions are final, if not appealed from; and issues, involving the same question, will not be sent a second time;" and the case of *Pegg and Warford* is cited in support of these positions. Construing the language, used in *Cecil and Cecil*, by the light thrown upon it by *Pegg and Warford*, it must be intended to mean, that issues, involving the same questions will not be sent a second time, after having been once fairly answered by the verdict of a jury. This view of the court's meaning is made still more apparent by reference to another part of their opinion, in which they say that "justice requires that every case be once fairly and impartially tried." In the case under consideration no trial ever took place and no judgment was ever rendered; and therefore no bar has been interposed to further proceedings. In the cases of *Price vs. Taylor* and *Price vs. Moore* the Court say that Mrs. Taylor, having dismissed her issues, thereby abandoned the contest; and this is relied upon by the appellants as meaning a final abandonment of her cause, which would bar her from further proceedings. We think that such a construction cannot fairly be put upon the language used, but that the Court intended nothing more than, that, by dismissing the issues, Mrs. Taylor abandoned her then pending contest. This interpretation of their language is in accordance with the settled law, that a party may, at any time before trial, dismiss his suit, without losing the right to institute another upon the same cause of action. Art. 93, sec. 250, of the Code, regu-

lating the trial of issues from the Orphans' Courts, provides that the power of the court of law and the proceedings thereto relative shall be as directed by law respecting the trial of issues. This section of the Code is taken mainly from sect. 17 of sub-chap. 9 of the Act of 1798, which provides, "that the power of the court of law, and proceedings thereto relative, shall be *as hereinbefore directed* respecting the trial of issues." The only other provision to be found in the laws, regulating the trial of issues, is to be found in the 20th sect. of sub-chap. 8 of the Act of 1798, which provides for the manner of settling disputes with respect to debts due by an executor to his testator's estate. One mode is by issues sent to a court of law, by the Orphans' Court, and it is provided, that the court of law shall have power to instruct the jury, and grant a new trial, "as if the issue or issues were in a suit therein instituted;" that is, instituted in said court of law. The 93d Art., sec. 250, of the Code, must be construed with reference to previous legislation upon the same subject matter, and so construing it, the conclusion is irresistable that the Code requires issues from the Orphans' Courts to be subject to the same law and mode of proceedings as are the issues which are instituted in courts of law. This being so, a party may at any time, before trial, dismiss them, and yet not be barred from instituting other proceedings and obtaining issues a second time. The argument, so forcibly urged by the counsel of the appellants, as to the inconvenience which might arise from the unrestricted use of such a right, is entitled to considerable weight. But as we can find no statutory provision limiting its exercise, and all the authorities, in our opinion, sanction-ing the view we have taken of it, we cannot permit such an argument to control our judgment, especially, as by doing so, parties might be deprived of all opportunity of establishing their rightful claims to property. The penalty of costs, imposed upon parties dismissing their issues, will, in all probability, prevent them from using this right for the purpose of vexation or delay.

Levy & Barry, adm'rs., *vs.* Levy, *et al.*

The next question to be decided is, as to the mode of proceeding in the Orphans 'Court after the issues were dismissed. Ought the appellees to have filed a new petition or proceeded upon the petition first filed.    It was decided by this Court, in the case of *Price vs. Taylor,* and again in *Price vs. Moore,* 21 *Md. Rep.,* that the dismissal of the issues necessarily results in a return of the case to the Orphans' Court, where all persons interested would have the right to become contesting parties ; and that the effect of such dismissal is to place the case precisely as it was before the filing of the *caveat.*    It is apparent therefore that the dismissal of the issues ends the contest both as regards the issues themselves as well as all the proceedings in the Orphans' Court, and any person interested had the right to file another petition contesting the validity of the will. Both of the orders passed by the Orphans' Court of Baltimore city, on the 11th May, 1867, must therefore be affirmed.

*Affirmed and remanded.*

(Decided 20th December, 1867.)

ALVEY, J., dissenting, delivered the following opinion :

Instead of affirming I am of the opinion that the order of the Orphans' Court refusing to dismiss the last *caveat* filed, should be reversed ; for it seems to me that this last *caveat* was wholly unnecessary and vexatious.

Though a party, at whose instance issues have been framed in the Orphans' Court, may dismiss them while pending in a court of law for trial, without being thereby precluded the right to have new issues framed in reference to the same subjects of inquiry, I do not agree that, by the simple dismissal of the issues in the court of law, the whole proceeding in the Orphans' Court is by that act disposed of.   The issues are only auxiliary to the proceeding in the Orphans' Court, which alone has jurisdiction to pronounce judgment in the cause ; and if this be so, then the caveators after the dismissal of the first issues framed, if they desired the same facts to be tried by jury, should have gone back to the Orphans' Court, and

asked for new issues, in the same proceeding in which the first were framed, instead of filing a duplicate *caveat*, and requiring a new answer thereto. This was an unnecessary multiplication of proceeding, the effect of which was to deprive the caveatees of the benefit of the progress that had been made in the first instance.

Before a second *caveat*, for the same causes, by the same parties, should be allowed to be filed and proceeded with, the first *caveat* should have been dismissed in the Orphans' Court, with costs of the whole proceeding to the caveatees.