STEWART BROWN and CHARLES E. GARITEE, Administrators of the Estate of JOHN TOLLY JOHNS, and SARAH W. HODGES, and others *vs.* HENRY V. D. JOHNS.

*Orphans' Court—Costs—Appeal.*

The Orphans' Court in a case of issues sent to a Court of law for trial, has discretionary and exclusive power in the matter of awarding costs; and its judgment thereon is final, and no appeal lies therefrom.

APPEAL from the Orphans' Court of Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, and RITCHIE, J.

*Stewart Brown,* and *Arthur W. Machen,* for the appellants.

*Robert R. Boarman, James A. Buchanan,* and *William P. Maulsby,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

This record presents an appeal from an order or decree of the Orphans' Court of Baltimore County, directing that the costs of the caveators and caveatees, incurred in the controversy relating to the wills and codicils of the late John Tolly Johns, be paid out of the estate of the decedent. The appellee in this appeal had, soon after the death of the said John Tolly Johns, in conformity with the legal obligations imposed upon him by the statute, deposited in the office of the Register of Wills a number

of wills and codicils supposed to have been executed by the said Johns at various periods anterior to his decease. The validity of these supposed testamentary papers being contested, plenary proceedings were instituted, and the Orphans' Court ordered issues to be framed and sent to a Court of law for determination. In this proceeding the caveators were ordered to be made plaintiffs and the caveatee defendant. Under the operation of this order the controversy was carried into the Circuit Court for Baltimore County, and from that Court was removed to the Court of Common Pleas of Baltimore City, where, by the verdict of a jury, it was found that the decedent, at the time of the execution of these supposed testamentary dispositions of his property, was not of sound and disposing mind and capable of executing a valid deed or contract. The cause was then brought into this Court by appeal and the judgment of the Court below was here affirmed. In rendering its decision this Court said that, "The awarding of costs in a trial of issues from the Orphans' Court is for that Court exclusively. The Court of law, in which the issues are tried, has no power to enter a judgment for costs on a verdict of a jury, and this Court is equally without authority in this respect." *Johns vs. Hodges, et al.*, 60 *Md.*, 228.

The transcript from the Court of Common Pleas of Baltimore City having been filed in the office of the Register of Wills of Baltimore County, the Orphans' Court passed an order or decree in conformity with the finding of the jury upon the issues, and in making a final disposition of the controversy, directed that all the costs which had been incurred by the caveators and caveatees should be paid out of the estate of the said John Tolly Johns. This appeal was taken from that portion of the order relating to the costs which involves the sole question presented for determination.

It was decided in *Browne vs. Browne, et al.*, 22 *Md.*, 116, that the Orphans' Court is the only proper tribunal

to determine the question of costs in cases of this nature. And in *Levy & Barry vs. Levy, et al.,* 28 *Md.,* 29, it was held that, "by the 250th sec. of the 93rd Art. of the Code, the Orphans' Court is vested with discretionary power to award costs and enforce their payment."

In 60 *Md.,* it has been decided that the exercise of this power, "is for that Court exclusively." As the exercise of the power is not only discretionary but exclusive, it is apparent that a remedy for any error of judgment supposed to have been committed, cannot be invoked by an appeal to this Court. The trust and confidence, which must be reposed somewhere, have been given by an exercise of legislative authority, to the Orphans' Court, and the matter entrusted to the sound discretion of its Judges; and it is a principle, too well established to be now controverted, that when the Legislature has given special and exclusive jurisdiction to a Court, and made no provision for an appeal, the decision of that tribunal is a finality, and the questions in controversy can be carried no further. *Warfield vs. Latrobe,* 46 *Md.,* 123.

It has, however, been urged that the order or decree of the Orphans' Court endangers the rights of the heirs-at-law, as the personal estate may be insufficient to defray the large accumulation of costs. This question, which was presented with much cogency of argumentation by the counsel for the appellants, has, it seems, been before the English Courts in a recent appeal taken from the Court of Probate to the House of Lords, on an issue as to the person to whom probate should be granted. The House of Lords being equally divided, the order of the Court of Probate remained unreversed. The case having been remitted to the Court of Probate, with directions that the costs of both parties should be paid out of the estate, it was found that the personal estate would not suffice to pay the costs. A chancery suit was then instituted to determine whether costs could be enforced out of the real

estate; but it was held that they could not; the Court of Probate having jurisdiction only over the personalty. *Charter vs. Charter, L. R.,* 7 *H. L.,* 364; *Ib.,* 24 *W. R.,* 874; *Schoul. Ex'rs and Adm'rs,* 15.

As Courts of Probate were unknown to the common law, and were created by positive regulations, the extent of their jurisdiction must necessarily be defined by those positive regulations, and by statutory provisions subsequent to their creation. The appraised value of this real estate is seventy-four thousand dollars, and at no time, in Maryland, has the Orphans' Court ever had jurisdiction over a real estate of such magnitude. Its jurisdiction in this respect has always been exceedingly limited and circumscribed. *Revis. Code, Art.* 50, *sec.* 204. The decedent having been declared intestate, the real estate is, in legal contemplation, now in the possession of the heirs-at-law, and, therefore, not subject to the operation of any order or decree passed by the Orphans' Court. In point of fact, it is in the hands of receivers appointed by the Circuit Court for Baltimore County, sitting in equity, as will appear from the record in another appeal now pending in this Court. The Circuit Court for Baltimore County certainly has ample powers to protect the rights of any one interested in this estate; and if an effort should be made at any time to enforce a sale of it for the purpose of creating a fund for the payment of these costs, questions might be brought, by regular procedure, before this Court, which it would not be proper for it now to anticipate and prematurely determine.

From what has been said it follows that this appeal should be dismissed.

*Appeal dismissed.*

(Decided 19th June, 1884.)