CATHARINE V. SNOOK, Executrix, *vs.* ELIZABETH MUNDAY.

*Jurisdiction of Orphans' Court to Order Sale of Real Estate.*

The Orphans' Court has no jurisdiction to order a sale of real estate devised to testator's widow for life, after her death to be sold by the executors, upon the *ex parte* application of the widow stating that it would be for the interest and advantage of all parties to sell the property.

Appeal from an order of the Orphans' Court of Washington County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Thompson A. Brown,* for the appellant. The Court declined to hear *Charles A. Little,* also for the appellant.

*Samuel B. Loose* (with whom was *Alex. Armstrong*) for the appellee.

BOYD, J., delivered the opinion of the Court.

John Munday, by his last will and testament, which was admitted to probate by the Orphans' Court of Washington County, left certain real estate to his wife, Elizabeth Munday, " to have and to hold for the term of her natural life and at her death to be sold by my hereinafter executrixs and the proceeds to be applied first, to the payment of the mortgage debt, principal and interest which is now upon my farm, and the balance to be distributed " as therein directed. He appointed his two daughters, Catharine V. Snook and Sallie E. Zentmyer, his executrices, and directed them to sell, after his death, two lots and some personal property and to apply the proceeds towards the payment of the mortgage. Those lots were not included in the

property left to Mrs. Munday for life and were sold and the proceeds applied as directed. The widow filed a petition in the Orphans' Court of Washington County in which she stated that she found that by reason of her age she was not able to farm the land left her for life so as to obtain sufficient money to live, pay taxes and interest on the mortgage debt, or to keep the improvements in good repair and condition. She then alleged that it would be to her advantage, as well as to the advantage of all in interest, that the land be sold by the executrices and the proceeds arising therefrom applied to the payment of the mortgage and the balance, if any, to be invested for her use and benefit during her life. The Orphans' Court on that *ex-parte* petition ordered the executrices to sell the property, prescribed the terms of sale and directed them to pay the mortgage out of the proceeds of sale and invest the balance, if any, for the the use and benefit of Mrs. Munday during her life. From that order Catharine V. Snook, one of the executrices, took this appeal.

That the Orphans' Court had no power to pass such order on the *ex-parte* petition of the life-tenant we can have no doubt. It is a Court of limited jurisdiction and although there are numerous statutes authorizing them to exercise various powers in connection with the administration of estates, there is none that could give them any authority to pass an order of this character. By sec. 256 of Art. 93 of the Code it is provided that they " shall not, under pretext of incidental power or constructive authority, exercise any jurisdiction not expressly conferred by law." A Court of Equity could not on an *ex-parte* application of a life-tenant pass such an order. Section 198 of Art. 16 of the Code does provide that when one or more persons is or are entitled to certain estates therein named, including an estate for life, and others have remainders or other interests in the same lands, a Court of Equity can, on application of any of the parties in interest, decree a sale thereof and an investment of the proceeds " if it shall appear to be advantageous

to the parties concerned," and " if all the parties in being are parties to the proceeding," but even that Court, broad as its powers are, could not pass a valid decree without having the parties interested before it, and not then unless it is shown by proper evidence, or the admission of the parties, if all are competent to so bind themselves, that it would be advantageous to the parties concerned. By sec. 285 of Art. 93 of the Code, the Orphans' Courts have concurrent jurisdiction with the Circuit Courts, as Courts of Equity, " so as to authorize and direct the sales of the real estates of *intestates*," when the appraised value of such real estate does not exceed the sum of $2,500.00. But this is not a proceeding under that provision and, if it was, the Court could not proceed without making those interested parties.

There is no ambiguity in the will as to *when* the property is to be sold under the power therein contained. It was left to the widow for life and " at her death to be sold." Upon what principle, then, can the Orphans' Court order the executrices to sell it prior to the death of the life-tenant? At her death, if it is not sooner sold under some proper proceedings, they can sell it and report the sale to the Orphans' Court for ratification. If when the time for the sale arrives they should refuse or decline to act, or should die without executing the power vested in them, the Orphans' Court can, then, upon petition of any party interested, appoint an administrator *de bonis non* with the will annexed, or to empower the administrator with the will annexed, previously appointed, to execute the trusts of the will in the same manner and to the same extent as the executrices could have done. Section 283 of Art. 93 of the Code. But even then they can, if they choose, invoke the aid of a Court of Equity and administer the trust under its supervisory powers. *Keplinger* v. *Maccubin*, 58 Md. 213; *Ogle* v. *Reynolds*, 75 Md. 145. As long as the life-tenancy exists the Orphans' Court cannot require them to sell. If any authority be necessary in support of a proposition

which seems to us to be beyond question, the case of *Wilcoxen* v. *Reese*, 63 Md. 544 is sufficient. There the testator devised certain real estate to his wife for life and after her death to be sold by his executor named in the will and the proceeds divided as therein directed. CHIEF JUDGE ALVEY delivered the opinion of the Court, and, after stating when the widow died, said " It was not until then that the power of sale of the real estate could, under the will, be executed." It is not necessary to determine what effect the surrender of the life-estate by the widow in her lifetime might have, as she has not surrendered it, but on the contrary, sought to have the real estate converted into money for her benefit, after the payment of the mortgage debt referred to. Even if that could have the effect of accelerating the power of sale and the widow had surrendered her life-estate, the Orphans' Court could not pass a peremptory order such as this without first giving the executrices an opportunity to be heard.

A Court of Equity alone can grant the relief sought by the widow and it is useless to further prolong this opinion. We must reverse the order appealed from.

> *Order reversed, appellee to pay the costs above and below.*