## CATHARINE V. SNOOK *vs.* JACOB H. ZENT-
## MYER, SALLIE E. ZENTMYER, &c.

*Bill to Redeem Mortgage—Subrogation.*

A testator devised a tract of land, which was subject to a mortgage,
to his wife for life, and directed that upon her death his executors
should sell the property and apply the proceeds, first, to the pay-
ment of the mortgage debt, and then distribute the balance among
certain persons.   Plaintiff and defendant, who were both distributees
after the life-estate, each being entitled to one-tenth of the proceeds,
were also executors of the will.   Defendant became the assignee
of the mortgage during the lifetime of the widow and advertised the
property for sale under the power in the mortgage.   Plaintiff filed a
bill offering to pay to defendant the amount of the mortgage debt,

asking to be subrogated to her rights as mortgagee, and that the sale so advertised be restrained. *Held*, that the plaintiff has not the right to redeem the mortgage and be subrogated to defendant's rights, because while both parties have precisely the same equitable interest in the property, the defendant has also the legal title, and subrogation will not be enforced on behalf of one having merely an equitable title against one having both the legal and the equitable title.

Appeal from an order of the Circuit Court for Washington County, (STAKE, J.) overruling a demurrer to the bill of complaint.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*T. A. Brown* and *C. A. Little*, for the appellant.

*Alexander Armstrong* and *Samuel B. Loose*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The questions in this case arise on a demurrer to a bill in equity filed in the Circuit Court for Washington County to restrain by injunction the sale of mortgaged real estate and to redeem the mortgage.

The facts out of which the controversy arose, briefly stated, are these. By the last will and testament of Dr. John Munday, of Washington County, he devised a certain tract of land on the Funkstown road, in that county, containing fifty acres, more or less, to his wife during her natural life and at her death to be sold by his executors and the proceeds to be applied, first to the payment of the mortgage debt, principal and interest, which was upon the farm, and the residue to be distributed as directed by the will.

The appellant, Mrs. Snook, and one of the appellees, Mrs. Zentmyer, are named as executrices in the will, and are also legatees under the will to the extent of one-tenth of the proceeds of sale, in remainder after the expiration of

the life-estate to the widow, and after the payment of the mortgage debt. Mrs. Munday, the widow, is still living and in the possession of the property, which cannot be sold under the power contained in the will, until the death of the widow. *Snook* v. *Munday*, 90 Md. 701. It further appears that the mortgage referred to in the testator's will was executed on the 26th of February, 1878, to secure an indebtedness of $1,600 to Edward W. Mealey, and was subsequently assigned for a valuable consideration to the appellant, Mrs. Snook.

On the 16th of November, 1899, the property was advertised for sale by Mrs. Snook, the assignee of the mortgage, under a power of sale contained in the mortgage, but the sale was subsequently restrained by an injunction, granted on the same day by the Circuit Court for Washington County.

The case was subsequently heard on demurrer to the bill, and from an order passed on the first of March, 1900, overruling the demurrer and requiring the defendant to answer the bill, this appeal has been taken.

The principal question, then, for us to determine, is whether a person occupying the position of the plaintiff in this case, is entitled to maintain a bill of this kind. The bill is one for redemption and seeks to redeem real estate mortgaged by the testator. It is filed by a legatee under the will, whose interest is limited to the extent of one-tenth of the proceeds of sale in remainder after the expiration of the life-estate and payment of the mortgage debt on the property, against a mortgagee holding the legal estate and also having precisely the same beneficial interest under the will in the equity of redemption as the plaintiff.

The law seems to be well settled that every person having a legal or equitable title or lien in the mortgaged property, or any person having a beneficial interest therein, which he is entitled to protect, has a clear right to redeem. *McNiece* v. *Eliason*, 78 Md. 177; *Story's Equity*, sec. 1023; *Pomeroy's Equity Jurisprudence*, sec. 1212; *Pearce* v. *Morris*,

L. R. 5 Chancery Appeals, 230.    But the question here is not whether the plaintiff has a beneficial interest in the right of redemption, because this may be conceded, but whether it is such a right as entitles her to the right of redemption and subrogation under the facts as stated in her bill.

Now, while the doctrine of subrogation is of wide operation, it is always controlled by equitable principles.    It is never enforced, says Mr. Pomeroy, *Equity Jurisprudence,* sec. 1419, so as to defeat or interfere with the superior or equal equities of third persons, or with the legal right of third persons growing out of express contract.    In *Knouf's Appeal,* 91 Pa. St. 81, Mr. Justice Paxson, in delivering the opinion of the Court, said : " To entitle a party to subrogation, his equity must be strong and the case clear.    In such applications great care should be taken by the Court, that the subrogation will work no injustice to the right of others.    And it will never be allowed where the equity of the party seeking it is no stronger than the equity of the party affected by it."    *Mosier's Appeal,* 56 Pa. St. 76.

Applying, then, these well-settled principles to the case now under consideration, we find an entire absence of any right of the plaintiff to redemption and subrogation as claimed by her.    It is quite clear that if the plaintiff was permitted by a Court of Equity to redeem here, she would occupy the identical position towards the defendant which the latter now occupies towards her.    And if the plaintiff was to be subrogated to the defendant's rights as mortgagee, the latter could, for the same reason, ask the precise privilege of redemption and so on *ad infinitum.*

Besides this, the defendant holds both the legal and equitable title, as against merely the equitable title of the plaintiff.    While neither one has a stronger equity, the legal title is with the defendant.    Subrogation being a doctrine of mere equity will not be enforced on behalf of one having merely the equitable title against one having both the legal and equitable.    *Sheldon on Subrogation,* p. 6.    They also

stand in the same relation to the property.   They are both executors under the will and are legatees to the extent of one-tenth of the proceeds of sale in remainder.

We are, therefore, of the opinion that the principles of subrogation do not apply to this case.

The joinder of the plaintiff as executor and legatee in the same bill having been eliminated by an order of the Court below, previous to the order overruling the demurrer, it is not necessary to pass upon that question.

For the reasons we have given the order of the Circuit Court for Washington County, overruling the demurrer to the bill of complaint, will be reversed, injunction dissolved and bill dismissed.

*Order reversed, injunction dissolved*
*and bill dismissed, with costs.*

(Decided June 15th, 1900.)