REBECCA H. FRENCH, Administratrix of Van Lear French, *vs.* THE WASHINGTON COUNTY HOME FOR ORPHAN AND FRIENDLESS CHILDREN and THE PRESBYTERIAN CHURCH OF HAGERSTOWN.

*Orphans' Court; modification of orders; costs; discretion; no appeal; Code Pub. Gen. Laws, Art. 93, sec. 250.*

Under proper circumstances, and upon application made within a reasonable time, the Orphans'. Court has authority to modify or rescind its orders.                    p. 311

An Orphans' Court, in its order rejecting a paper writing which had been offered for probate as a last will and testament, imposed the costs upon the caveatees; a little over a month later the caveatees petitioned for a modification of the order; the Orphans' Court rescinded so much of the order as related to the costs and ordered that they be paid by the administrator out of such estate of the decedent as might come into her hands. *Held,* that until the estate was finally closed the Orphans' Court could correct what it should deem a mistake in reference to its disposition of costs.

pp. 316-317

The fact that the petition to modify the order was filed a little over a month after the passage of the original order was not too late.                    p. 316

By Article 93, section 250 of the Code of Public General Laws, the awarding of costs in the trial of issues from the Orphans' Court is for that Court exclusively, and from its action in such cases no appeal will lie.            p. 316

*Decided April 4th, 1911.*

Appeal from an order of the Orphans' Court of Washington County.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, THOMAS, PATTISON and URNER, JJ.

*Alexander Neill, Jr.,* for the appellant.

*Charles D. Wagaman* and *William H. A. Hamilton,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

It appears from the petition of the appellees and the answer of the appellant in this case that a paper purporting to be the last will and testament of Van Lear French was offered for probate in the Orphans' Court of Washington County, and that before said alleged will was admitted to probate a caveat was filed by Virginia H. French and others. The appellees, the Washington County Home for Orphan and Friendless Children and the Presbyterian Church of Hagerstown as legatees in said will, answered said caveat, and issues were framed by the Orphans' Court and sent to the Circuit Court for Washington Court for trial. After the trial of the issues in the Circuit Court, the Orphans' Court passed the following order:

"The finding of the jury on all the issues having been duly certified to this Court from the Circuit Court for Washington County, it is this 29th day of July, A. D. 1910, by the Orphans' Court of Washington County, adjudged and ordered that the finding of the jury on all the issues be and the same are hereby ratified and confirmed with costs to the caveators, and it is ordered and decreed that said paper writing dated the 19th day of December, 1898, purporting to be the last will and testament of Van Lear French, deceased, be not admitted to probate, and the same be and is hereby rejected."

On the 2d of September, 1910, the appellees filed a petition in the Orphans' Court, setting out said proceedings in said Court and in the Circuit Court, in which they had been made defendants; alleging that they had been compelled to employ counsel and to incur costs in the conduct of said trial, and

praying the Court to allow them a reasonable counsel fee and
said costs out of the estate of the deceased.   On this petition
the Orphans' Court passed an order directing a copy of the
petition and order to be served on the administratrix, the
appellant, and requiring her to answer the petition.   The
appellant answered the petition resisting the allowance of a
counsel fee and costs to the appellees; setting out the previous
order of the 29th of July, 1910, and alleging that at that
time no assets had been received by her as administratrix of
the estate of said deceased, and that because of certain pro-
ceedings which she was advised were about to be instituted in
the Circuit Court for Washington County she did not know
that any part of the estate of said deceased would come into
her hands.   On the 23rd of September the appellees with-
drew their application for an allowance of counsel fees, and
on the same day the Orphans' Court passed the following
order from which the administratrix has appealed:

"The petition of the Washington County Home for Orphan
and Friendless Children and the Presbyterian Church, in the
above entitled matter, having been read and considered, solici-
tors for respective parties having been heard, it is thereby
upon this 23rd day of September, A. D. 1910, ordered by the
Orphans' Court of Washington County, that so much of the
order of this Court passed in the above entitled cause on the
29th day of July, 1910, as relates to the payment of costs in
this cause, be and the same is hereby rescinded; and it is
further ordered that all costs of the proceedings in the above
entitled matter be paid by Rebecca H. French, administra-
trix, out of the estate of the said Van Lear French, deceased,
which comes into her hands."

The appellant contends that as the Orphans' Court dis-
posed of the question of costs by its order of July 29th, 1910,
it had no power to modify or rescind that order; but the
authority of the Orphans' Court, under proper circumstances,
upon application made within a reasonable time, to modify
or rescind its orders has been so frequently recognized and
sanctioned by this Court that it is only necessary to refer to a

few of the cases.   In the case of *Montgomery* v. *Williamson,*
37 Md. 421, there was an application to the Orphans' Court
to rescind an order ratifying a sale, and JUDGE ALVEY said:
"It seems to have been supposed that as there is no express
authority to be found in the statute, the rescinding of the
order of ratification would be the exercise of constructive
authority which the Court is forbidden to exercise.   But this
objection is fully answered by the Court of Appeals in
*Raborg* v. *Hammond,* 2 H. & G. 42, 51, in considering the
power of the Orphans' Court to revoke letters of administra-
tion when improvidently granted, and where to the exercise
of the power the same objection was urged as to the jurisdic-
tion in this case.   The Court said: 'But to this it may be
answered that we deem the power of revocation, under such
circumstances, as necessarily inherent in the Orphans' Courts,
and a part and of the essence of the power delegated to them,
of granting administration.'   In confirmation of which, see 3
*Bac. Ab.* 50, where, speaking of the ecclesiastical tribunals
of England, in reference to this power, it is stated that 'it
would be absurd to allow a Court jurisdiction herein, and at
the same time deprive them of the liberty of vacating and
setting aside an act of their own, which was obtained from
them by deceit and imposition.'   Whether the order of ratifi-
cation was obtained by deceit and imposition is quite imma-
terial; if by honest mistake, the power of revocation and cor-
rection equally exists, provided the application for its exer-
cise be made within a reasonable time and under proper cir-
cumstances."   In the case of *Stanley* v. *Safe Deposit Com-
pany,* 87 Md. 450, CHIEF JUDGE MCSHERRY, referring to the
Orphans' Court, said: "If it had a right to decide the ques-
tion of residence, then it had the right to determine whether
it had jurisdiction to admit the will to probate, and if it
decided that preliminary question erroneously its decision
was subject to review on appeal or to reversal by the Court
itself upon proper application made to it for that purpose in
due season."   Further recognition of this power of the
Orphans' Court will be found in *Raborg* v. *Hammond,* 2 H.

& G. 42; *Shultz* v. *Houck,* 29 Md. 24; *In re Estate of Stratton,* 46 Md. 551; *Dalrymple* v. *Gamble,* 68 Md. 157, and *Gallagher* v. *Martin,* 102 Md. 115.

In the case of *Edwards* v. *Bruce,* 8 Md. 387, letters of administration were granted on the 17th of October, 1854, and a petition was filed on the 4th of June, 1855, asking for a revocation of the letters, and that letters of administration be granted to the appellee. The Court held that, "An application to the Orphans' Court to revoke letters of administration can only be made within the same time after the party applying has *knowledge* that letters had been granted as that provided by law, within which an *original application* for letters is to be made," and JUDGE ECCLESTON said: "Because of the lapse of time between the date of the letters and the filing of this petition it is contended that the Court were wrong in granting the prayer of the petition. This, it is said, is only relying upon a principle which has been adopted in other cases, based upon the analogies of the law. And because the right of appealing from the order granting the letters is limited by law to thirty days, this application to revoke the order should have been filed within the same time after the party had knowledge that the letters had been obtained.

"We think the principle of analogy should apply in the present case, but it applies with more propriety to the time provided by law within which an original application for letters is to be made than to the time of taking an appeal."

This rule has been followed and applied by this Court in a number of cases. In the case of *Redman* v. *Chance,* 32 Md. 42, a petition was filed by the mother of the infants praying that the appointment of the appellee as guardian of her children might be revoked on the ground that it had been made without notice to her. In that case JUDGE ROBINSON said: "But it is further insisted that the petition ought to have been filed within thirty days after *actual knowledge* on the part of the appellants of the order of the Court making the appointment. There is no statutory provision, it is true, directing

within what period of time a party must appeal or institute proceedings attacking a judgment or order passed without notice. But the policy of the law which provides a time within which parties to a judgment or decree must appeal applies with equal force where they are seeking to set aside the same when rendered without notice. Hence it has been repeatedly held that, upon the principle of analogy, the Court will apply express statutory restrictions in regard to time to cases of similar character where no such express legislative provisions exist. * * * Now, the Code provides that appeals from the Orphans' Court shall be taken within *thirty days,* and it must follow, from the principles laid down in the above cases, that a party seeking to set aside an order or judgment of that Court, because the same was passed or rendered without notice, must institute proceedings within the time limited for appeals. By this rule he has the same time, after *knowledge* of the order or judgment passed or rendered without notice, that he would have to appeal if duly *summoned,* and its application, therefore, can not work any injustice."

In the case of *In re Estate of Stratton, supra,* the order appealed from modified a previous order of the Orphans' Court fixing the commissions of the administrator. It was there contended that the Orphans' Court had no power to modify its order, and in reply to that contention JUDGE BRENT, after quoting from *Montgomery* v. *Williamson, supra,* "whether the order of ratification was obtained by deceit or imposition is quite immaterial; if by honest mistake, the power of revocation and correction equally exists, provided the application for its exercise be made within reasonable time and under proper circumstances," said: "In the present case a reasonable time for the correction of the error is before the estate has been finally closed; especially if, as here, its correction is just to all the parties interested." This case was followed in *Dalrymple* v. *Gamble, supra.* In the case of the *B. & O. R. R. Co.* v. *Canton Co.,* 70 Md. 405, this Court, referring to the rule stated in *Redman* v. *Chance, supra,* said: "This is just and equitable, but it presupposes

the existence of some other direct, appropriate remedy. By analogy the exercise of the one not limited is restricted to the same length of time within which the other must be exerted. But it by no means follows that a period, fixed by law, within which an appeal may be taken from a decree of a Court of equity to this Court, is to be adopted as an arbitrary and inflexible limit within which the exertion of a totally different right must be made. There is no analogy whatever between appealing from a decree of a Court of equity and filing a bill to vacate an award. In a case like this, where the only remedy was the one invoked, and where no other proceeding was open to the appellant, all the circumstances must be considered and the relief will be granted if the balance be in favor of the justice of the application, provided sufficient time has not elapsed to make it inèquitable to disturb the award." Section 254 of Art. 93 of the Code provides that, "On such plenary proceedings all the depositions shall be taken in writing and recorded, and, if either party require it, the Court shall direct an issue or issues to be made up and sent to any Court of law convenient for trying the same, and the issues shall be tried in the said Court of law as soon as convenient, without any continuance longer than may be necessary to procure the attendance of witnesses; and the power of the Court of law and the proceedings thereto relative shall be as directed by law respecting the trial of issues, and the Orphans' Court shall give judgment or decree upon the bill and answer and depositions on the finding of the jury, and may in all cases of contest award costs, in their discretion, and compel payment by attachment and fine, or by attachment and sequestration, or ·by *fieri facias."* In the case of *Levy* v. *Levy,* 28 Md. 25, the Court said: "By the Code, Art. 93, sec. 250, the Orphans' Court is vested with discretionary power to award costs and enforce their payment; and this Court has decided that a Court of law, to which issues are sent by the Orphans' Court, can not enter judgment for costs, but that the established practice in such cases is to certify to the Orphans' Court the verdict and the

costs, leaving for that Court to enter the proper judgment."
In the case of *Johns* v. *Hodges,* 60 Md. 215, the Court said:
"The awarding of costs in a case of trial of issues from the
Orphans' Court is for that Court exclusively. The Court of
law, in which the issues are tried, has no power to enter a
judgment for costs on the verdict of a jury, and this Court is
equally without authority in this respect." And in the case
of *Brown* v. *Johns,* 62 Md. 333, the Court stated that it has
been decided that the exercise of the power of the Orphans'
Court to determine the question of costs is for that Court
exclusively, and that "as the exercise of the power is not only
discretionary but exclusive, it is apparent that a remedy for
any error of judgment supposed to have been committed can
not be invoked by an appeal to this Court. The trust and con-
fidence, which must be reposed somewhere, have been given
by an exercise of legislative authority, to the Orphans' Court,
and the matter entrusted to the sound discretion of its jduges;
and it is a principle, too well established to be now contro-
verted, that when the legislature has given special and exclu-
sive jurisdiction to a Court, and made no provision for an
appeal, the decision of that tribunal is a finality, and the
question in controversy can be carried no further."

It is stated in the brief of the appellees that the order of
July 29th was passed without any notice to them or an oppor-
tunity to be heard, but it does not appear when they became
aware of the passage of the order. However this may be, the
rule stated in *Redman* v. *Chance, supra,* has no application
to this case, which should be controlled by the principle
applied in *B. & O. R. R. Co.* v. *Canton, supra.* As we have
seen, there was no right of appeal from the order of July
29th, and the only remedy open to the appellees was an
application to the Orphans' Court to modify that order. As
was held *In re Estate of Stratton, supra,* the appellants were
not prejudiced by the fact that the petition was not filed
until a little over a month after the passage of the original
order. Until the estate was finally closed, there was no rea-
son why the Orphans' Court should not correct what it

deemed to be a mistake in reference to its previous disposition of the costs, and as there is no right of appeal from its judgment in the matter the motion to dismiss the appeal in this case must prevail. The order appealed from directs the administratrix to pay the costs out of the estate "which comes into her hands". She is not, therefore, liable beyond the assets received by her as belonging to the estate.

*Appeal dismissed, with costs.*