## WILLIAM THOMAS GREENHAWK ET AL. v. EMMA G. QUIMBY ET AL.

[No. 22, January Term, 1935.]

*Decided March 7th, 1935.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, and JOHNSON, JJ.

*Washington Bowie, Jr.,* with whom were *John C. North, Charles J. Butler,* and *Hugh M. Frampton,* on the brief, for the appellant.

*T. Hughlett Henry,* for the appellees.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from two orders of the Orphans' Court of Talbot County, passed on October 2nd, and October 30th, 1934, the first of which orders, upon the petition of Emma G. Quimby, beneficiary, and Edward T. Miller, executor, of the will of Reuben N. Greenhawk, deceased, directed the payment by appellants in this court, caveators below, (1) of the costs in the Circuit Court for Talbot County, to which issues had previously been sent and answered, and (2) costs incurred in this court, to which the case came upon appeal by the beneficiary and executor. See *Quimby v. Greenhawk,* 166 Md. 335, 171 A. 59. This order was passed upon petition of appellees and answer of appellants, which answer, however, challenged the right of the court to pass it. Subse-

quently appellants moved for a rescission of the order, but the court overruled this motion, and this gave rise to the second order appealed from. It is unnecessary to discuss in detail the first appeal between the parties, *supra*, other than to observe that the usual issues relating to testamentary capacity, etc., were first framed in the Orphans' Court of Talbot County and, during October, 1932, sent to the Circuit Court for Talbot County for trial, which resulted in favor of caveators, but the rulings were reversed by this court by reason of errors in the admission of certain testimony. *Quimby v. Greenhawk, supra.* Since that decision, it appears from the record, and is admitted by the parties, that upon suggestion of removal the issues were sent by the Circuit Court for Talbot County to the Circuit Court for Anne Arundel County for trial, which will not be held until April, 1935.

Two important questions are suggested from a consideration of the record: (1) Did the Orphans' Court of Talbot County under the above circumstances have jurisdiction to pass the order in question? (2) If the court had such jurisdiction, was its passage a proper exercise of judicial discretion? So far as we are aware, this is the first time the first of these questions has ever been presented to this court for determination. In its consideration, it must be borne in mind that jurisdiction of orphans' courts is special and limited, and their authority is only such as is conferred by statute. *Snook v. Munday,* 90 Md. 701, 45 A. 1004; *Stanley v. Safe Deposit & Trust Co.,* 87 Md. 450, 40 A. 53; *Bowie v. Ghiselin,* 30 Md. 553; *Grant Coal Co. v. Clary,* 59 Md. 441, 445; Code, art. 93, sec. 271; *Fidelity & Deposit Co. v. Freud,* 115 Md. 29, 30, 80 A. 603.

Appellees contend that the court's judisdiction to pass the order was acquired by virtue of section 264 of article 93 of the Code, but we find nothing in the language of this section to sustain such contention. On the contrary, the pertinent words of the section providing "and the orphans' court shall give judgment or decree upon the

bill and answer and depositions or the finding of the jury, and may in all cases of contest award costs, in their discretion, and compel payment by attachment and fine * * * " would seem to indicate that the Legislature intended to give the court the discretion of awarding costs in such cases only after the findings of the jury were before them. Moreover, it has been held by this court that, after an issue was framed and sent to a court of law, the functions of the orphans' court were suspended until the findings of the jury were certified to it. *Pegg v. Warford*, 4 Md. 285. And the established practice in this state has been to certify to the orphans' court the verdict of the jury and the costs, leaving it to that court to enter the proper judgment thereon. *Browne v. Browne*, 22 Md. 103; *Levy v. Levy*, 28 Md. 25.

The cases, cited by appellees in support of the proposition that the orphans' court had jurisdiction to pass this order, present situations entirely different from the one we are now considering, because in each of them there had been a final certification to the orphans' court from the court of law. And plainly, under such circumstances, the orphans' court alone became vested with the discretion to award costs. *Browne v. Browne, supra; Levy v. Levy, supra; Bantz v. Bantz*, 52 Md. 686; *Brown v. Johns*, 62 Md. 333; *French v. Washington County Home*, 115 Md. 309, 80 A. 913; *White v. Bramble*, 124 Md. 395, 92 A. 763.

The cases of *Knee v. Balto. City Pass. Ry. Co.*, 87 Md. 623, 40 A. 890, and *Balto. City Pass. Ry. Co. v. Knee*, 83 Md. 77, 34 A. 252, and *Brinsfield v. Howeth*, 110 Md. 520, 522, 73 A. 289, relied upon by appellee in support of their contention that the action of the orphans' court was purely a discretionary matter, have no relevancy to the question under consideration, because they arose under the provisions of section 74 of article 75 of the Code, the application of which is expressly limited to "the court in which an action shall be," etc., and, as the issues were not then before the court, it must follow that this section did not apply. *Pegg v. Warford, supra*.

For these reasons we hold that the Orphans' Court of Talbot County was without jurisdiction to pass the order of October 2nd, 1934, and that in conformity with the established practice in this state, such an order could have been validly passed only after the court had first received, from the circuit court in which the issues were pending, its certification of the findings thereon and costs in connection therewith. In view of this conclusion, it follows that the order of October 30th, 1934, by which it refused to rescind its former action, was likewise erroneous.

In briefs and oral argument in this court, counsel devoted much effort as to whether, even though the orphans' court had jurisdiction to pass the order of October 2nd, 1934, the same was in this particular case a proper exercise of its judicial discretion, but, having decided it was without authority to pass such order, it becomes unnecessary to consider the matter of its judicial discretion.

*Orders reversed and petition dismissed with costs to appellants.*