(Decided July 12th, 1866.)

---

THE NORTH BALTIMORE BUILDING ASSOCIATION *vs.* WILLIAM Q. CALDWELL.

TRUSTEE'S SALE: PURCHASE BY TRUSTEE AS AGENT FOR ANOTHER.—A trustee appointed by a Court of Equity to sell real estate is not only precluded from purchasing at such sale for his own benefit; the rule is

equally imperative that he cannot be permitted to buy as agent for another person.

APPEAL from the Circuit Court for Baltimore city:

The appeal in this case is from an an order of the Circuit Court for Baltimore city, setting aside a sale made by a trustee under proceedings to foreclose a mortgage.

The report of the trustee discloses the fact that on the 20th day of October, 1859, he sold the property mentioned in the proceedings, "to the North Baltimore Building Association," (the mortgagee,) "it being the highest bidder," &c. On the 11th day of November, 1859, certain exceptions to the ratification of the sale were filed, which it is unnecessary to notice, as they were not relied on in argument.

On the 15th day of December, 1865, certain additional exceptions to the ratification of the sale were filed, which it was agreed should be considered as having been filed prior to the remanding of the commission, the additional testimony having been taken, in point of fact, with regard to these exceptions. The first of these last mentioned exceptions, to wit: "Because the said trustee, as agent for the said Building Association, bid for and purchased the property mentioned in these proceedings," is the only exception that need be here noticed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN J.

*William A. Stewart,* for the appellant, argued:

1. That the true principle is, that a trustee, executor or other person, acting in a fiduciary capacity, shall not purchase at his own sale so as to obtain a benefit of or advantage to himself. The authorities cited by the appellee, do not go beyond this point, and no respectable decision can be

North Baltimore Building Association vs. Caldwell.

found which goes to the extent of saying, that such a person may not, under certain circumstances, bid for another. *Williams' Exrs. vs. Marshall*, 4 *G. & J.*, 376.

2. The rule on the subject in this State is, that in sales under decrees, the Court is the vendor, and the trustee is merely the agent, his duty being to obtain the best price which he can for the property directed to be sold. In this case there can be very little doubt but that the Court would have passed an order, if applied for, directing the property to be sold at private sale to the purchaser, on the terms reported, and it is but just and proper that the sale, made in in good faith by the trustee, should be ratified, because the Court should now do what it would have authorized at the time to have been done. *Andrews vs. Scotton*, 2 *Bland*, 629. *Cunningham vs. Schley*, 6 *Gill*, 229. *Sewell vs. Costigan*, 1 *Md. Ch. Dec.*, 208. *Goldsborough vs. Ringgold, Id.*, 239. *Harrison vs. Harrison, Id.*, 331;—affirmed in 9 *Gill*, 412. *Brooks, Trustee, vs. Hays*, 24 *Md. Rep.*, 507.

The mode of making sales in England by masters in chancery is quite different from that practiced in this State by trustees, and this distinction is clearly pointed out by Chancellor BLAND, in the case of *Andrews vs. Scotton*, 2 *Bland*, 643 to 646.

*Robert D. Morrison* and *John H. Warner* for the appellee.

As to the general rule that a purchase by a trustee, at his own sale, will be set aside at the instance of any party in interest, where the setting aside of the sale would leave all parties in the same status as before the sale, see *Davoue vs. Fanning, et al.*, 2 *Johns. Ch. R.*, 251. *Brothers vs. Brothers*, 7 *Iredell Eq.*, 150. *Richardson vs. Jones*, 3 *G. & J.*, 184. *Mason vs. Martin, et al.*, 4 *Md. Rep.*, 124. *Ricketts vs. Whittington, et al.*, 15 *Md. Rep.*, 46, and cases cited in the opinion of the Court. *Bell vs. Webb*, 2 *Gill*, 163. *Wormley vs. Wormley*, 8 *Wheaton*, 441. *Story on Sales*, sec. 211.

As to the incapacity of a trustee to purchase at his own sale as agent for another, see, *Lewin on Trusts, ch.* 19, *p.* 376. *Ex parte Bennet,* 10 *Vesey, Jr.,* 381. *Hawley vs. Kramer,* 4 *Cowen,* 734, *et seq. Ex parte Darcy,* 6 *Ves.,* 626. *Atty. Gen. vs. Dudley Cooper,* 148. *Ex parte James,* 8 *Ves.,* 348. 2 *Kent's Com.,* ( *6th Edition,*) 618. *Story on Agency,* 199, 200.

Bowie, C. J., delivered the opinion of this Court.

The single question in this case is, whether it is compatible with the duty of a trustee, appointed by decree of a Court to sell real estate, to bid for and purchase the property for a third person at a public sale of the same, under the decree.

It is admitted, that the general principles of law preclude a purchase by the trustee for his own benefit, but it is contended the rule extends no further, and no decisions to the contrary are to be found in this State. The general rule of law and equity, and its reasons, are very concisely and clearly expressed by Chancellor Kent, in his Commentaries. 2 *Vol. 6th Ed., p.* 618.

" An agent, acting as such, cannot take upon himself, at the same time, an incompatible duty. He cannot have an adverse interest or employment. He cannot be both buyer and seller, for this would expose his fiduciary trust to abuse and fraud." Also, *Story on Agency,* 199, 200. Among other reasons assigned for setting aside a sale, where the trustee appeared as a bidder, was this, viz: " If the trustee appeared at the auction professedly as a bidder, that would operate as a discouragement to others, who, seeing the vendor ready to purchase at or above the real value, would feel a reluctance to enter into the competition, and so the sale would be chilled. *Ex parte Lacey,* 6 *Ves.,* 625, 627. *Lewin on Trusts,* 377, *note e.*

In the last authority, it is laid down as a legal conclusion,

as a trustee cannot buy on his own account, it follows that he cannot be permitted to buy as agent for a third person; the Court can, with as little effect, examine how far the trustee has made an undue use of information acquired by him in the course of his duty in the one case as in the other." *Vide* 10 *Vesey. Ex parte Bennett*, 383, 393. 2 *Johns. Ch. Rep.*, 252. 4 *Cowen*, 734. It needs no elaboration to enforce these views or to show the antagonism between the interest of the vendor and the vendee. Although the facts of this case do not warrant, ( and the counsel of the caveators expressly disclaim all imputation of improper motive in the trustee,) yet, the principle is too important to be departed from in the most unexceptionable cases. The order of the Court below will, therefore, be affirmed, with costs of this Court to the appellee, and the cause remanded.

*Cause remanded.*

(Decided July 13th 1866.)