## CIRCUIT COURT OF BALTIMORE CITY.

Filed October 14, 1912.

TITLE GUARANTEE & TRUST CO.
VS.
JACOB WHEATFIELD, ET AL.

*Benj. Rosenheim* for plaintiff.
*Louis N. Frank* for exceptant.

BOND, J.—

My conclusion, from the evidence. is that the sale was so conducted as to bring a good, fair price, and that there is no apparent probability of securing a higher price at a resale. The inabil-

ity or refusal of the trustee to answer questions concerning the relative rights of tenants and a purchaser at the sale has no bearing on the propriety of the sale, as it was no part of his duty to investigate and advise on the leases. But I consider that the mere fact that the trustee, acting as attorney for Mr. Hecht, who was ultimately the purchaser, had arranged for bidding and purchasing on behalf of Mr. Hecht, should invalidate the sale. Not that Mr. Rosenheim gave Mr. Hecht any advantage over any other bidder or did anything which, in the event, was detrimental to the sale. The contrary appears to be true. But mere interest in the trustee as buyer or for a buyer, is an element which the law, out of abundant precaution, will not tolerate in such a sale. The inquiry whether the result was good or bad in a particular instance, is one which the courts will not enter upon. In the long run of cases such a conflicting interest, if tolerated at all, would bring about double dealing and wrong, much of which must be impossible of detection and proof. The law wisely stops the source of that evil, forbids the conflict in any such case, as I understand the decisions in Maryland.

North Balto. Bldg. Assn. vs. Caldwell, 25 Md., 420.

An order will be signed sustaining the exceptions.