VETERANS' ADMINISTRATION *v.* G. WILLIS HUDSON, COMMITTEE, ET AL.

[No. 26, April Term, 1935.]

142

*Decided June 19th, 1935.*

The cause was argued before URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*F. W. C. Webb,* with whom were *Carroll E. Bounds, William W. Travers, John Baylor, Frank E. Smith,* and *Woodcock & Webb,* on the brief, for the appellant.

*J. Edgar Harvey,* with whom was *Lewis C. Merryman* on the brief, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Wicomico County in equity, overruling exceptions to the final ratification of a report and account of G. Willis Hudson, committee of the person and estate of McKnight T. Hudson, a disabled soldier, to whom compensation had been allowed and paid to said committee for his use. The Veterans' Administration, formerly called United States Veterans' Bureau, by virtue of power vested in it by the acts of Congress and rules and regulations passed in pursuance thereof, is possessed of extensive powers, supervision, and control with regard to the care, compensation, and property of disabled soldiers.

The United States Veterans' Bureau filed the exceptions above referred to and is the appellant herein, and the estate of McKnight T. Hudson, an incompetent, and G. Willis Hudson, committee of the personal estate of McKnight T. Hudson, are appellees. The Veterans' Administration is the successor in name and authority to the United States Veterans' Bureau, and for convenience the appellant will hereafter be so designated.

Various sums of money were paid into the hands of G. Willis Hudson, who, on the 7th day of August, 1925, had been appointed committee by the Circuit Court for Wicomico County in equity, to manage the property and estate and to assume the control and guardianship of McKnight T. Hudson. Out of these sums of money so received by the committee, who in effect was a trustee for said fund and guardian of the incompetent, investments were made, among them being a loan of $2,500 made by the said committee to himself individually, and secured by a mortgage of said G. Willis Hudson and wife, dated September 24th, 1928, on certain real estate belonging to him.

On August 14th, 1930, G. Willis Hudson, committee of McKnight T. Hudson, filed a report and petition in the Circuit Court for Wicomico County in equity, showing receipts, disbursements, and loans, the principal item of which is $2,500 which was loaned by the said committee to himself individually, and secured by the aforesaid mortgage of August 4th, 1930. The chancellor passed an order upon said "report and accounting" from August 31st, 1928, to August 31st, 1930, whereby the same was accepted and confirmed unless cause to the contrary be shown on or before September 15th, 1930. For some reason which the record does not disclose, and while this order to show cause was outstanding, there was a petition filed on August 26th, 1930, by G. Willis Hudson, committee, praying the court "to approve the act of your said committee in making said mortgage investment," and on the same day the petition was filed, without notice

to any one in interest, the court passed an order in which the said loan "was approved and confirmed." On the 11th day of September, 1930, and within the time allowed for showing cause why the said report of the committee should not be finally ratified and confirmed, the appellants, by John Baylor, Regional Attorney, filed exceptions and objections to the final ratification of the report and accounting, and, among the causes therefor, specifically set forth the following reason: "The item of disbursement of twenty-five hundred dollars ($2500.00) entered as money loaned G. Willis Hudson on the mortgage on real estate in Delmar, Maryland, dated September 24th, 1928, and recorded among the Land Records of Wicomico County, Maryland, in Liber I. D. T. No. 156, folio 245, are deemed inequitable, in that the transactions involved an improper use of trust funds by a fiduciary."

Summarizing the facts, in order to make clear the situation, it will be observed that, with the interlocutory order on the report and accounting of August 14th, 1930, in force, wherein the time for filing objections and exceptions as therein designated did not expire until September 15th, 1930, the court passed the order of August 26th, 1930, without notice to any one in interest, approving and confirming the very investment named in the account and subsequently objected to in the exceptions filed on September 11th, 1930, and not until November 23rd, 1934, more than four years after the exceptions to the final ratification of the report and accounting were filed, and without notice that the said exceptions would be considered and finally disposed of by the court, were these exceptions overruled, and on the same day the accounting was "accepted and approved as to all funds received and disbursements and investments made for the period of the accounting." The investment of $2,500 was made within that period and was set forth in the accounting, and therefore was again approved by the Circuit Court for Wicomico County in equity. In its order of November 23rd, 1934, overruling the exceptions, the court stated

that no protest had been filed to the account. This is manifestly an error, in view of the exceptions to the report and account filed on September 11th, 1930. In overruling the exceptions the chancellor said: "That while the mortgage from the said G. Willis Hudson and Marie T. Hudson, his wife, to the said G. Willis Hudson, committee of McKnight Hudson, would under ordinary circumstances be improper and irregular, but likewise reaching the conclusion that the said mortgage against said property is enforceable and that the said lien upon said property securing said indebtedness is valid and enforceable, and likewise considering that the said G. Willis Hudson is the only and sole heir at law of the said McKnight Hudson, and further reaching the conclusion that the said G. Willis Hudson by having failed to include in his previous reports any allowance for commissions did not necessarily thereby waive commissions, and that if not heretofore actually waived, an allowance therefor in said report would not necessarily be improper."

The reasons assigned by the chancellor for his action in overruling the exceptions to the final ratification of the report and accounting of the committee, and finally accepting and ratifying the same, are not in accordance with the law. Under the authorities in this state an investment of this kind should neither directly nor indirectly be ratified as a valid exercise of the powers vested in this committee or trustee. The appeal in this case was taken on December 26th, 1934, and is "from the order of the Circuit Court for Wicomico County, Maryland, dated November 23rd, 1934, overruling the exceptions to the final ratification of the committee's report filed on August 14th, 1930, and finally ratifying said report." The record shows that the order overruling the exceptions was passed November 23rd, 1934, and a separate order accepting and approving the said report was filed the same day. Whether this appeal is from the order accepting and approving the report and account, as well as from the order overruling the exceptions, is not entirely

clear, but this is not of great importance, because if the order overruling the exceptions is reversed, the report and accounting must stand for further consideration and action by the court, and the order accepting and approving the report and accounting is thereby abrogated. Apparently there are three questions presented in this appeal:

1. Whether the loan of $2,500 should have been ratified and approved by the court as a valid act upon the part of the committee and trustee.

2. Where such a loan was made and reported to, and approved and confirmed by the court having jurisdiction over the trust estate, and no appeal having been taken therefrom, can such action of the court be reviewed on an appeal from the order dismissing the exceptions to the final ratification of the report and accounting of the trustee or committee, under the circumstances above set forth.

3. Does the failure of the trustee to claim commissions in a previous account prohibit him from claiming an allowance of such commissions in a subsequent account, together with commissions earned at a later period?

There can be no question that this loan made by the committee or trustee to himself is improper and should not have been ratified or confirmed; in fact, it is doubtful whether it can even be called a loan, under some of the cases cited. It is scarcely necessary to cite authorities in support of this elementary principle and universal rule that a guardian, trustee, or other fiduciary may not make a loan to himself. The courts have stated this rule and applied it in so many cases, and in such variety in manner and form, that it seems impossible to find an avenue by which to escape from its force and comprehension. It is axiomatic that "no man should be allowed to have an interest against his duty." *Ricketts v. Montgomery*, 15 Md. 46, 51, quoting Lord Ellenborough. "He certainly should not, by his own act, voluntarily create such an interest."

The committee by his own act placed himself in a position which is forbidden by both of these principles. In the case of *Fidelity & Deposit Co. v. Freud,* 115 Md. 29, 80 A. 603, this entire subject was considered in a comprehensive manner, and it is quite useless to further pursue the discussion, or endeavor to add anything to what Judge Urner has said in delivering the opinion of this court, in that well-considered case. There are no authorities of respectability anywhere to be found, as far as we are able to discover, supporting the view that, under the circumstances here appearing a trustee or guardian should be relieved of responsibility for loss on a loan to himself made on his own volition. A rule universally recognized as applicable to every fiduciary is that which prohibits his borrowing the trust funds or going through the form of borrowing for his own use. *Pomeroy's Equity Jurisprudence,* 1077; *Perry on Trustees* (6th Ed.) 461. The provision in the Veterans' Guardianship Act, Code (Supp. 1929), art. 65, sec. 56L, which provides that "Every guardian shall invest the funds of the estate in such manner or in such securities in which the guardian has no interest, as allowed by law or approved by the court," is merely declaratory of the common law, but nevertheless does fix a positive statutory prohibition against the guardian or committee making loans on securities which he owns. No fiduciary has a right, nor will he be allowed, to enter into any engagements or assume any position in which he has a personal interest conflicting with, or which may possibly conflict with, the interests of those whom he is bound to protect. *Hoffman Steam Coal Co. v. Cumberland Coal & Iron Co.,* 16 Md. 456, 507. The principle has been applied in *Pairo v. Vickery,* 37 Md. 467, 485; *Smith v. Townshend,* 27 Md. 368, 369, 92 Am. Dec. 637; *North Baltimore Bldg. Assn., v. Caldwell,* 25 Md. 420; *Mason v. Martin,* 4 Md. 124; and other cases. The reason upon which it is founded is too obvious to need further discussion.

The second question is largely one of procedure. Under

the conditions and circumstances above detailed, can this court review the entire transaction relating to this loan of $2,500, which was approved and confirmed under an order of court passed several years before this appeal was taken, but during the time allowed for showing cause, during which time there were objections and exceptions filed to the validity of this loan?

The loan was ratified four years after the exceptions had been filed, and without notice, to those in interest, that the report and exceptions would be taken up for consideration, and under the apparent misapprehension by the court that no exceptions had been filed to the report and account. The procedure prescribed by the Uniform Veterans' Guardianship Act, Code (Supp. 1929), art. 65, sec. 56-I, in dealing with hearings on guardianship accounts, is: "The court shall fix a time and place for the hearing of such account not less than fifteen days nor more than thirty days from the date of filing same and notice thereof shall be given by the court to the aforesaid Bureau office not less than fifteen days prior to the date fixed for the hearing. Notice of such hearing shall in like manner be given to the guardian." There is nothing in the record tending to show that such notice as to any hearing was given, as prescribed by this act.

In view of the above situation, this court feels that it should review the entire situation with regard to this loan. There being an obvious error in ratifying the loan in the order of the 26th of August, 1930, this court should not permit this error to be perpetuated in the order overruling the exceptions, and in the order ratifying the report and accounting, both of which orders were passed on November 23rd, 1934, and from which this appeal could properly be taken on December 26th, 1934, and which was done. If the chancellor erred in overruling the exceptions, and accepting and approving the report and accounting, which includes this very loan of $2,500, then there should be a reversal, in spite of the order of August 26th, 1930, and this would have the effect of not permit-

ting a prior wrongful approval of the loan to stand, and would place upon the committee and trustee the consequences of his wrongful act. When the appeal is properly taken, as in this case, this court cannot be placed in the position of approving prior orders, relating to the same subject-matters, that have not the sanction of law and equity, especially where such error is apparent upon the face of the record. Under such circumstances this court may review on appeal such earlier orders. *Frock v. Columbian Const. Co.*, 142 Md. 413, 421, 121 A. 366; *Davis v. Gemmell*, 73 Md. 530, 21 A. 712; *Nichols v. McGill*, 168 Md. 686, 178 A. 697; Code, art. 5, sec. 32.

This case can readily be distinguished from the cases of *Johnson v. Webster*, 168 Md. 568, 179 A. 831, and *Carey v. Safe Deposit & Tr. Co.*, 168 Md. 501, 178 A. 242, decided at the January term, 1935. In those cases the investment and the conduct of the trustee were respectively such as the court would have sanctioned, had approval been sought at the time of the loan by the trustee. In this case the investment is such that a court of equity should not previously have authorized or have subsequently approved.

The only remaining question to be decided is whether or not the commissions allowed in the accounting should be approved. The committee had failed to claim his commissions in a prior account, but in this account had claimed the commissions to which he had become entitled, together with commissions that had been subsequently earned. We are of the opinion that the mere failure to claim commissions in a prior account should not deprive him of the right to claim such commissions in this account. Therefore, in view of the above, the decree or order from which this appeal is taken should be reversed, and the case remanded for the purpose of stating an account in accordance with our views herein, with the allowance, nevertheless, of such commissions as the committee or trustee may show he is entitled to receive, other than on interest received from the trust funds borrowed

150

by him, but the committee and trustee is held responsible for the said loan of $2,500, with such interest thereon as may be shown to be due.

*Order reversed, with costs to the appellants, and the case remanded.*

PARKE, J., dissents.