126 So.2d 201

Arthur D. SHORES

v.

Mary Lee SANDERS, Minor.

6 Div. 571.

Supreme Court of Alabama.

Jan. 12, 1961.

Peter A. Hall and Orzell Billingsley, Jr., Birmingham, for appellant.

Herbert J. Lewis, Jr., Chief Atty. Veterans Administration, Birmingham, Eugene T. Beasley and Frank N. Savage, Montgomery, for appellee.

MERRILL, Justice.

Appeal from a decree of the Probate Court of Jefferson County, wherein the court, after a hearing, sustained exceptions and objections to appellant's petition for final settlement, as guardian of the estate of Mary Lee Sanders, a minor. The court charged appellant with interest and prior commissions, refused to allow him commissions and attorneys' fees, and taxed him with the costs of the proceeding. A motion for a new trial was overruled.

Appellant, an attorney at law, was appointed guardian on April 9, 1945. The minor was the child of a veteran of World

War II and was entitled to receive from the Veterans Administration the sum of $345 and monthly payments of $15. Under the provisions of Tit. 21, §§ 160–176, Code 1940, appellant made the annual settlements, and on September 17, 1959, he resigned. He filed his accounts and vouchers for a final settlement, and a hearing was set for October 19, 1959.

When the cause came on to be heard, an attorney representing the Veterans Administration filed objections and exceptions to the petition for final settlement, charging appellant with mismanagement, negligence or conversion, fraud, waste, unlawful comingling of funds, embezzlement and misappropriation. At the conclusion of the hearing, the court's decree contained the following:

"The Court finds from the undisputed evidence that the guardian did from time to time during the period from December 31, 1951, through April 1, 1958, withdraw from his guardianship account large sums of money and converted it to his personal use and redeposited the respective amounts withdrawn on or about the time his annual settlements were due to be filed with said Administrator of Veterans Affairs. The Court further finds that said guardian did not show either in his annual accountings filed with said Administrator or in partial settlements heretofore filed with this Court such withdrawals and redeposits. The Court finds that the total amount of such respective withdrawals amounts to the principal sum of $2,597.00."

The court charged the appellant with the following sums:

| | | |
|---|---|---|
| (1) | Interest on said withdrawals | $113.20 |
| (2) | Bank service charge to guardianship account | 9.68 |
| (3) | Commissions heretofore paid guardian | 213.48 |
| (4) | Interest on commissions heretofore paid | 47.23 |
| (5) | Attorney fees | 75.00 |
| | Total | $458.59 |

Appellant's first assignment of error is that the court erred in denying his motion for continuance because he was taken by surprise by the filing of the exceptions on the same day the hearing was set.

A motion to postpone the trial of the case was addressed to the sound discretion of the trial court and its refusal is not reviewable except for gross abuse of discretion. Stewart v. Joiner, 268 Ala. 241, 105 So.2d 448; Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785. We find no abuse of discretion. Moreover, all of the evidence was documentary and consisted of copies of documents which appellant had either signed or had in his custody or control. It is difficult to see how he could be surprised by papers he had signed in annual settlements or bank deposit slips and ledger sheets relating to his personal and guardian accounts.

Appellant next contends that the evidence introduced was not admissible. We quote from his brief:

"In support of objections and exceptions filed in this cause, contestant offered, in evidence, copies of Bank statements, deposit slips, and copies of partial settlements previously filed by petitioner. No objections were made to the fact that the papers and documents offered were copies. On the contrary he agreed that if the originals were admissible, the copies might be substituted. However, he objected to the admission of such document at all, on the ground that they were incompetent, irrelevant and immaterial, and had no bearing on the issues. * * *"

Conceding, without deciding, that it may have been error to admit this evidence without first showing that these records were kept in the regular course of business by the bank and the Veterans Administration, there was no error in the instant case. The only objection made was a general objection. We have held that a general objection alone presents nothing for review, except of course, where the evidence is not

legal for any purpose and cannot be made legal by other evidence. Harvey v. Bodman, 212 Ala. 503, 103 So. 569; Harrison v. Baker, 260 Ala. 488, 71 So.2d 284. In Adams Hardware Co. v. Wimbish, 201 Ala. 547, 78 So. 901, the court said " * * * ; being a mere general objection it presented nothing for review. The evidence was not manifestly illegal and irrelevant, and incapable of being rendered admissible in connection with other evidence. * * * "

Certainly all the evidence presented in the hearing in the instant case was pertinent, had a direct relation to, and was proof of, the fact that appellant was using his ward's money by co-mingling it with his own between annual settlements.

■ Appellant argues that the court erred in refusing to allow him to cross-examine Mr. Beasley, one of the attorneys for the Veterans Administration. When appellant asked to be permitted to cross-examine Mr. Beasley, the record shows:

"The Court: 'Let the record show that Mr. Eugene T. Beasley, as Attorney for the Veterans Administration, has introduced records filed by the guardian with the Veterans Administration, and photostat copies of bank records. The records introduced having been admitted by the guardian and counsel for the guardian; that Mr. Beasley, as such attorney has *offered explanations* or pointed out to the Court for the record certain items appearing in the bank records, and called attention to the fact that such items are * * * some of such items were not shown in the records filed by the guardian with the office of the Veterans Administration, and that Mr. Beasley did not appear, or is not appearing as a witness."

Nowhere does the record reveal what these "offered explanations" were, or of what they consisted. If they were arguments or statements of counsel, the bill of exceptions does not show what statements were made and nothing is presented for re-

view. Crotwell v. Cowan, 236 Ala. 578, 184 So. 195. Assignment of error 6 reads:

"The Court erred in not allowing petitioner to cross examine Mr. Eugene T. Beasley, a Veterans Administration Lawyer, who was allowed to 'explain' respondent's Exhibits, to which ruling of the Court, petitioner duly objected and excepted. (Tr. 77)."

But neither the assignment of error nor page 77 of the transcript shows any explanation, or what may have been said. The rule is that errors assigned without stating concisely in what the errors consist will not be considered by this court. Jackson Lumber Co. v. Butler, 244 Ala. 348, 13 So.2d 294.

■ Appellant's final contention is that the court erred in charging the items back to him because the estate was preserved, and on every settlement, including the final, all the money belonging to the ward was accounted for. With this we cannot agree.

The undisputed evidence is that the appellant used and co-mingled his ward's money with his own. At various times, he withdrew $172, $150, $275, $500, $100, $200, $300, $400 and $500, and withheld these sums from one to eleven months, but he always redeposited enough to have the account intact when the annual settlement came. He did not choose to offer any explanation for such conduct. While he was using the money, it could not be earning interest for his ward as contemplated by Tit. 21, § 42, Code 1940. Such conduct was contrary to the provisions of Tit. 38, § 3501, United States Code.

In Veterans' Administration v. Hudson's Estate, 169 Md. 141, 179 A. 836, it was held improper for the guardian to make a loan to himself even though it was secured by a mortgage.

We held in Bean v. Harrison, 213 Ala. 33, 104 So. 244, 247 that the using of the ward's money by the guardian" * * * is a breach of trust not to be winked at by courts called upon to protect those who can-

not protect themselves. Such practice not only wrongs the child in dollars and cents, but tends to blunt a keen sense of the dividing line between mine and thine. One result of the use of funds of the ward is to forfeit all claim to compensation or services of the guardian. The law cannot sanction a reward for breach of trust. McGowan v. Milner, 195 Ala. 44, 70 So. 175. * * *"

Finding no reversible error, the decree of the probate court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.