304 So.2d 603

**WORLD HOMES, INC.**

**v.**

**J. Larry WILSON.**

**Civ. 424.**

Court of Civil Appeals of Alabama.

Dec. 11, 1974.

W. Wheeler Smith, Birmingham, for appellant.

48

Donald Hugh Jones, Birmingham, for appellee.

WRIGHT, Presiding Judge.

This appeal is taken from a judgment entered April 29, 1974 by the court sitting without a jury.

Assignment of error argued in brief for new trial is that the court erred in denying motion filed by defendant. The grounds of the motion for new trial were: (1) Damages awarded were excessive; (2) Defendant's counsel had no prior notice of the trial and as a consequence was forced to represent defendant without being· allowed adequate time for preparation; (3) The verdict was not sustained by the preponderance of the evidence.

■ There is no transcript of the evidence in the record. Therefore, there is no basis for consideration of grounds one and three of the motion for new trial. Ground two of the motion forms the substance of the appeal.

The record discloses that summons and complaint was served on defendant on September 13, 1973. Answer was filed by defendant on October 9, 1973. Nothing further appears until the minute entry of the court dated April 29, 1974. The minute entry states that jury demand was withdrawn by plaintiff with consent of defendant. Testimony was heard by the court and judgment rendered for the plaintiff.

Upon motion filed by defendant, the court, on September 13, 1974, corrected the record to show as follows:

"ORDER ON MOTION TO CORRECT THE RECORD

"September 13, 1974: The motion of the defendant to correct the record to reflect that the attorney representing the defendant, Honorable Wheeler Smith, made an oral motion to continue this cause on the 29 day of April, 1974, which was overruled by the court on the grounds that this cause was sent out for trial as ready by the presiding judge at the call of the docket. The motion is granted to reflect the above.

Deason, Judge"

■ The above is all the record shows relating to refusal of the court to grant a continuance. The motion for new trial is not accompanied by affidavit or request for testimony. The argument of appellant relates matters of fact not of record and therefore cannot be considered by this court on appeal. We have before us only the record showing suit, appearance and answer of defendant, calling of the case for trial, motion by counsel for continuance, denial of continuance, agreement of counsel to withdraw jury demand, and entry of judgment.

Appellant contends the trial court abused its discretion in denying a continuance because counsel did not have notice of the trial in time to prepare his case and thus due process was denied.

Continuances are not favored and discretion is vested in the trial court as to granting or denial. The reviewing court will not revise the exercise of such discretion except upon a showing of gross abuse. Shores v. Sanders, 271 Ala. 552, 126 So.2d 201. There being no evidence in the record before us showing an abuse of discretion, the trial court will not be reversed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.