Plaintiff-appellee, Gilbert Engineering Company, brought this action on 5 November 1975 against Thomas E. Lankford and defendant-appellant, Wendell P. Dowdy, for money owed and work and labor performed. Lankford and Dowdy filed an answer to the complaint and on 10 June 1976 the trial court entered a pretrial order giving the parties leave to proceed with further discovery provided it was completed at least ten days prior totrial.
The trial was set for 17 April 1978. On 14 April, Dowdy served on Roy T. Gilbert, *Page 12 
owner of appellee company, a subpoena duces tecum demanding "all business records, notations in writing regarding Gilbert Engineering Company and any and all clients doing business with Gilbert Engineering Company from 1973 through 1977." Upon motion of appellee, the trial court quashed the subpoena ducestecum. On 17 April, the first day of trial, Dowdy moved for a continuance on the grounds that a conflict of interest had arisen between the two defendants, who had employed the same counsel, and Dowdy had been forced to retain new counsel on 16 April. The court overruled the motion for continuance, the case was tried before a jury, which returned a verdict in favor of Gilbert Engineering, and judgment was entered accordingly. On this appeal from that judgment, Dowdy urges as error the order of the trial court denying his motion for a continuance and the order granting plaintiff's motion to quash the subpoena ducestecum.
Dowdy contends the trial court abused its discretion in not granting a continuance because of his change of counsel compelled by a conflict of interest.
In State ex rel. Payne v. Empire Life Ins. Co., 351 So.2d 538
(Ala. 1977), cert. denied 435 U.S. 969, 98 S.Ct. 1607,56 L.Ed.2d 60 (1978), this court stated:
 "* * * It is settled law that the appropriateness of a continuance is within the sound discretion of the trial Court. Mobile Cab Baggage Co., Inc. v. Busby, 277 Ala. 292, 169 So.2d 314 (1964). A continuance is not favored in the law and the trial Court's discretion will not be reversed absent a showing of gross abuse. Johnson Publishing Co., Inc. v. Davis, 271 Ala. 474, 124 So.2d 441 (1960); and World Homes, Inc. v. Wilson, 54 Ala. App. 47, 304 So.2d 603
(1974)."
Despite the fact that the conflict of interest was discovered and discussed more than three weeks before trial, when Gilbert was deposed, the attorney originally employed by both defendants did not relinquish the case to Mr. Shipman, Dowdy's new attorney, until the evening before trial. No reason for this delay has been suggested. In addition, it appears that Shipman was at least somewhat familiar with Dowdy's case prior to being formally retained because Shipman was present when Gilbert was deposed. The probability of Shipman's knowledge of the law and the facts of the case is also reinforced by the fact that he filed a subpoena duces tecum two days prior to the date on which he contends his representation of Dowdy was confirmed. Moreover, there is evidence of record that Gilbert Engineering would have been prejudiced by a continuance, in part because out-of-town witnesses were present.
Thus, under the circumstances of this case the contention that the trial court abused its discretion in not granting the continuance is without merit.
Dowdy also contends that granting Gilbert Engineering's motion to quash the subpoena duces tecum was such an abuse of judicial discretion as to constitute reversible error. Whether a subpoena duces tecum should be enforced is, in the first instance, a question for the trial court. An order to quash should be reversed only for abuse of discretion. PremiumService Corp. v. Sperry Hutchinson Co., 511 F.2d 225 (9th Cir. 1975). A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision. Ibid.
We find no such abuse of discretion in this case. Dowdy'ssubpoena duces tecum served three days prior to trial was clearly in violation of the pretrial order which stated that "the parties are given leave to proceed with further discoveryprovided it is completed at least 10 days prior to trial"
(emphasis added). In addition, the subpoena duces tecum was served late Friday afternoon at the close of the business week immediately preceding trial, and it requested production of all business records regarding Gilbert Engineering and all its clients from 1973 through 1977. There is evidence of record that it would have taken several months to compile the data requested *Page 13 
and that the appellant had previously obtained some of the items requested. In U.S. v. Watchmakers of SwitzerlandInformation Center, Inc., 27 F.R.D. 513 (S.D.N.Y. 1961), the United States District Court held in a similar situation that, in view of the time necessary to compile the information requested, the motion to quash was properly granted. Therefore, we find the trial court in the instant case did not abuse its discretion and the motion to quash the subpoena duces tecum was properly granted.
There being no error in the rulings complained of, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.