McClendon Trucking company ("the employer") appeals from the trial court's judgment in favor of Earnestine Jones ("the employee") on her workers' compensation claim against the employer.
The employer contends that the trial court committed reversible error when it refused to continue the case. In that connection, the decision to grant or to deny a motion for a continuance is committed to the sound discretion of the trial court and its ruling on such a motion will be disturbed only if there was an abuse of that discretion. Dowdy v. Hilbert Engineering Co.,372 So.2d 11 (Ala. 1979). We find no such abuse on the part of the trial court when it declined to continue the case.
In a workers' compensation case arising after August 1992, this court's review of the evidence and the legal issues is without a presumption of correctness. Ala. Code 1975, § 25-5-81(e)(1). However, as this court concluded in Edwards v.Jesse Stutts, Inc., 655 so.2d 1012, 1014 (Ala.Civ.App. 1995), "[t]he new Act did not alter the rule that this court does not weigh the evidence before the trial court."
Further, we note that this court will not reverse the judgment of the trial court if the trial court's findings of fact in the case are supported by substantial evidence. Ala. Code 1975, § 25-5-81(e)(2). In Ex parte Trinity Industries, Inc.,680 So.2d 262, 268 (Ala. 1996), our supreme court, quoting West v. FoundersLife Assurance Co., 547 So.2d 870, 871 (Ala. 1989), "defined the term `substantial evidence,' as it is used in [Ala. Code 1975,] § 12-21-12(d), to mean `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'"
In late 1994, the employee began working for the employer as a log specialist, a position that involved entering data regarding the drivers' logs. There were approximately *Page 351 
360 drivers and the data entries were done on a computer keyboard. In 1995, the employee's workload increased due to a reduction in the workforce in her department.
In June 1995, the employee began experiencing pain, numbness and tingling in her wrists and arms. She reported the problem to her employer and she was referred to an orthopedic surgeon for diagnosis and treatment. The diagnosis was carpal tunnel syndrome, and the employee was treated with the use of splints.
It is undisputed that the employee reached maximum medical improvement in January 1996. The employer contends that the trial court committed reversible error when it failed to state as a finding of fact in its order the date the employee reached maximum medical improvement. Reversal on this point is unwarranted because the record clearly demonstrates (and the parties in their appellate briefs concede) that the employee reached maximum medical improvement in January 1996. SeeLittleton v. Gold Kist, Inc., 480 So.2d 1236 (Ala.Civ.App. 1985).
In light of the employee's work restrictions, the employer tried to place the employee in other positions — lot verification and microfilming. However, the employee continued to complain of pain. The employer terminated the employee's employment because, it says, she was unable to perform any available job with the employer. The employee's last day at work with the employer was April 9, 1996.
Thereafter, the employee drew unemployment compensation benefits. when her unemployment compensation benefits were exhausted, the employee began working part-time at a McDonald's fast-food restaurant. The employee testified that because she needed to work she did not mention her injury when she applied for the job at McDonald's. The employee also testified that she was able to obtain the job at McDonald's because she was a friend of one of the supervisors and that friend helped her obtain the job. The employee stated that she was able to work at McDonald's because the supervisor at McDonald's allowed her to work within her limitations. The employee worked at McDonald's from October 1996 until August 1997, when she left to have a baby. The employee testified that her friend no longer worked at that McDonald's. the employee has not been employed since August 1997.
The employee graduated from high school in 1986. She stated that she has not received any technical training or further education since high school. Thee employee testified that her primary work experience has been with McDonald's and the employer — she had worked at McDonald's for several years before she went to work for the employer.
Dr. Michael McClanahan, who testified as an expert in the field of vocational rehab and vocational evaluation, stated that it was his opinion that the employee was 100% vocationally disabled from working full-time on a regular basis. Dr. McClanahan testified as to the basis of his opinion: Because of her condition, the employee is restricted from repetitive motions with her hands and arms; the employee's work history is mostly unskilled or on the lower end of semi-skilled jobs; unskilled or semi-skilled jobs generally require the use of the upper extremities; therefore, the employee's restrictions severely limit her ability to find a job.
Dr. Richard Herrick, an orthopedic surgeon, testified that in his opinion the employee has impairment rating of "somewhere between five and ten percent of each" upper extremity.
The trial court determined that the employee was entitled to recover workers' compensation benefits from the employer. There was substantial evidence to support this determination; therefore, this portion of the trial court's order is due to be affirmed.
The trial court also determined that the employee had suffered a 94% disability for the loss of use of both hands and, based upon this finding, calculated the benefits due the employee. However, even the employee concedes n her brief on appeal that the trial court erred in its calculation of the benefits due the employee. This portion of the trial court's order, therefore, is due to be reversed and the cause remanded to the trial court for *Page 352 
the recalculation of the appropriate benefits due the employee.
The judgment is affirmed in part and reversed in part, and the cause remanded.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the judges concur.