CRAWLEY, Judge.
In April 1997, Mary C. Brown (the “worker”) sued Michelin North America, Inc. (the “company”), for workers’ compensation benefits, alleging that she had been injured in the line and scope of her employment in July 1995 and that as a result she had suffered a permanent disability. Following the presentation of ore tenus evidence, the trial court found that the worker had suffered a 70% permanent partial disability and awarded her benefits accordingly. The worker filed a post-judgment motion, which the trial court denied. The worker appeals.
The review of this case is governed by the new Workers’ Compensation Act, which states in pertinent part: *1137 able to the findings of the trial court.” Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994) (overruled on other grounds); see Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996). Further, this court “will not reverse the trial court’s finding of fact if that finding is supported by substantial evidence — if that evidence is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West [v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989) ]; [Ala.Code 1975,] § 12-21-12(d).” Ex parte Trinity Industries at 268.
*1136 “In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” Ala.Code 1975, § 25-5-81(e)(2). Therefore, this court “will view the facts in the light most favor-
*1137 The worker argues that the trial court erred by: (1) failing to establish the date of her maximum medical improvement (MMI); and (2) incorrectly calculating her permanent partial disability benefits. We conclude that the dispositive fact is the trial court’s failure to state the date the worker reached MMI.
The trial court entered a judgment on September 30, 1999, which stated that the worker had reached MMI on December 15, 1998. The worker then filed a motion to recover her litigation expenses against the company. The trial court entered a new judgment on October 5, 1999, which did not state the date the worker had reached MMI, and which awarded the worker a lesser amount of permanent-partial-disability benefits than that awarded in the September 30, 1999, judgment. Dr. Robert Allen, a neurosurgeon who had treated the worker, testified that she had reached MMI in October 1997. Dr. Charles Feagin, another doctor who had treated the worker, stated that the worker had reached MMI in December 1998.
This court has held that the trial court’s failure to state the date the worker reached MMI is not error if it is undisputed that the ivorker reached MMI at a certain date. McClendon Trucking Co. v. Jones, 729 So.2d 349 (Ala.Civ.App.1999). In this case, the evidence indicates two possible dates of the worker’s reaching MMI — October 1997 and December 1998. Because the evidence is disputed as to the date the worker reached MMI, the trial court’s failure to state the MMI date is error. This court cannot determine whether the trial court correctly calculated the benefits.
Therefore, the cause is remanded for the trial court to determine the date the worker reached MMI and to calculate the worker’s permanent-partial-disability benefits based on the date it finds the worker reached MMI.
The trial court is instructed to file a return with this court within 28 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ„ concur.

On Return to Remand

CRAWLEY, Judge.
This court remanded the cause for the trial court to determine the date the worker reached maximum medical improvement and to calculate the worker’s benefits accordingly. The trial court timely filed its return to this court. The parties have reached a settlement, and the worker has moved to dismiss the appeal; her motion has not been challenged by the company. Therefore, we grant the worker’s motion to dismiss the appeal.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.